Filed 10/3/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SAMANTHA MARTINEZ, | |
| Plaintiff and Respondent, | G055096 |
| v. | (Super. Ct. No. 30-2014-00746640) |
| EATLITE ONE, INC., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from postjudgment orders of the Superior Court of Orange County, David T. McEachen, Judge. (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Reversed and remanded with directions.

Law Offices of Mark B. Plummer and Mark Brennan Plummer for Defendant and Appellant.

Paul M. Hittelman for Plaintiff and Respondent.

\*        \*        \*

Plaintiff Samantha Martinez sued defendant Eatlite One, Inc., for employment discrimination among other things. A jury found in favor of plaintiff on all of her claims and awarded $11,490 in damages. After the court entered judgment, both parties submitted competing memoranda of costs, and plaintiff filed a motion for attorney fees. The court awarded costs and attorney fees to plaintiff. Defendant contends the court erred because plaintiff did not obtain a judgment more favorable than defendant's offer to compromise under Code of Civil Procedure section 998 (998 offer).[1] We agree and reverse the portions of the postjudgment orders awarding post-offer costs and attorney fees to plaintiff.

FACTS

Plaintiff worked as a sandwich maker and cashier at a Subway store owned by defendant. Defendant terminated plaintiff's employment while she was pregnant. Plaintiff then brought an action alleging claims for: (1) employment discrimination in violation of public policy; (2) employment discrimination based on gender and pregnancy; (3) failure to provide reasonable accommodations at the workplace; (4) employment discrimination in violation of the California Constitution; and (5) negligent supervision and retention.

In March 2015, defendant made a 998 offer in the amount of $12,001. The offer provided: "Defendant . . . offers to allow judgment to be taken in favor of Plaintiff . . . and against . . . Defendant in the amount of $12,001.00 pursuant to Code of Civil Procedure Section 998." The offer further stated: "If this offer is not accepted within thirty (30) days, or prior to trial, whichever occurs first, it shall be deemed withdrawn and cannot be given as evidence upon the trial. In the event Plaintiff fails to

_____

[1] All statutory references are to the Code of Civil Procedure.

2

obtain a more favorable judgment than that offered, the Plaintiff shall be awarded no costs or fees and will be liable for the Defendant's costs from the date of this offer. In addition, at the Court's discretion, Plaintiff may be required to pay a reasonable sum to cover costs of the services of expert witnesses." Plaintiff never responded, and the 998 offer expired.

The case proceeded to trial, and the jury found in favor of plaintiff on all claims. The jury awarded $11,490 in damages to plaintiff, and the court entered judgment in July 2016. From October 2016 through January 2017, the parties filed competing memoranda of costs and motions to strike or tax each other's costs. Plaintiff also filed a motion for attorney fees, which defendant opposed.

In April 2017, the court granted plaintiff's motion to strike defendant's costs and denied defendant's motion to strike or tax plaintiff's costs. The court also granted plaintiff's motion for attorney fees and awarded $4,095.07 in costs and $60,000 in pre-offer and post-offer attorney fees to plaintiff. In determining plaintiff was entitled to all of her costs and fees, the court added plaintiff's pre-offer costs and fees to the jury's award and compared the total to the 998 offer. The court reasoned the 998 offer "was silent as to excluding costs or attorneys' fees[ so] pre-offer costs, including attorneys' fees are added to the amount of the verdict for the purposes of deciding whether the 'judgment' was greater than the . . . 998 offer." In May 2017, the court entered an amended judgment including the costs and attorney fees awarded to plaintiff.

DISCUSSION

Defendant argues the court erred by adding plaintiff's pre-offer costs and attorney fees to the jury's award and comparing that amount to the 998 offer.[2] Instead,

---

[2] While defendant repeatedly claims plaintiff's pre-offer costs and fees cannot be added to the *998 offer*, we assume this is an error and defendant meant to state

3

defendant claims the court should have compared the 998 offer directly with the jury's award because the 998 offer was silent as to costs and attorney fees. We agree the court erred, but arrive at that conclusion with a different rationale.

The interpretation and application of section 998 to undisputed facts is a question of law subject to de novo review. (*Bodell Construction Co. v. Trustees of Cal. State University* (1998) 62 Cal.App.4th 1508, 1515.) Section 998, subdivision (c)(1) provides: "If an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment or award, the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer. In addition, . . . the court or arbitrator, in its discretion, may require the plaintiff to pay a reasonable sum to cover postoffer costs of the services of expert witnesses . . . ." To determine "whether the plaintiff obtains a more favorable judgment, the court . . . shall exclude the postoffer costs." (*Id*., subd. (c)(2)(A).)

Citing *Heritage Engineering Construction Inc. v. City of Industry* (1998) 65 Cal.App.4th 1435, defendant argues that, for purposes of comparing the 998 offer to plaintiff's judgment, the plaintiff's pre-offer costs and attorney fees may not be added to the jury's award *unless* the 998 offer specifically includes costs and fees. We disagree with the rationale, but not with the result. By specifying post-offer costs are *excluded* for purposes of determining whether plaintiff obtained a more favorable judgment, the statute necessarily implies pre-offer costs are *included*. (§ 998, subd. (c)(2)(A).) The *Heritage* court was not called upon to decide the issue here, i.e., whether pre-offer costs must be added to the jury's award for purposes of comparison where the 998 offer is *silent* regarding the treatment of costs. Thus, the *Heritage* opinion is inapt authority for our issue. We note that a prevailing plaintiff is always entitled to an award of costs. (§ 1032, subd. (b).) The cost shifting provisions of section 998 apply only to post-offer costs. As

the pre-offer costs and fees cannot be added to the *jury's award*.

4

the court stated in *Stallman v. Bell* (1991) 235 Cal.App.3d 740: "We agree that, under section 998, the costs provision in an offer should be taken into account to determine the amount of the offer for purposes of comparing that amount to the amount of the judgment. It does not follow, however, that the costs provision in the offer should determine what costs are added to the award of damages in order to arrive at the amount of the judgment for purposes of section 998." (*Id*. at p. 750.)

Here, the court correctly considered the jury's award plus plaintiff's pre-offer costs and fees in determining the value of plaintiff's judgment, but failed to consider whether the same pre-offer costs and fees increased the value of the 998 offer which was not expressly inclusive of costs. In *Engle v. Copenbarger & Copenbarger, LLP* (2007) 157 Cal.App.4th 165, we held "a party who secures a recovery by accepting a section 998 offer is entitled to costs and fees unless they are excluded by the offer." (*Id*. at p. 169.) Applying the logic in *Engle*, the value of defendant's 998 offer, which was silent on costs, necessarily included $12,001 plus plaintiff's pre-offer costs and fees defendant would have been liable for if plaintiff had accepted the offer. This is consistent with the purpose of section 998, which "is to encourage settlement by providing a strong financial disincentive to a party—whether it be a plaintiff or a defendant—who fails to achieve a better result than that party could have achieved *by accepting his or her opponent's settlement offer*." (*Bank of San Pedro v. Superior Court* (1992) 3 Cal.4th 797, 804, italics added.) While plaintiff contends her pre-offer costs and attorney fees "must be added to the $11,490 damage award," she does not cite any authority, and we are aware of none, suggesting the same costs and fees should be excluded from the 998 offer, which was silent on costs. Thus, we conclude the court should have compared the jury's award plus plaintiff's pre-offer costs and fees with the amount of the 998 offer plus plaintiff's pre-offer costs and fees. Because, for comparison purposes, the pre-offer costs and fees are added to both the jury award and the (silent on costs) 998 offer, we may

simply compare the jury award with the 998 offer. Thus, the $11,490 jury award is less than the 998 offer. Plaintiff did not obtain a "more favorable judgment."

Because plaintiff did not obtain a "more favorable judgment" when comparing the correct numbers, we reverse the portions of the postjudgment orders awarding post-offer costs and fees to plaintiff and denying post-offer costs to defendant. Having reached this disposition, we nonetheless believe the bench and bar would be well served if the Legislature amended section 998 to clarify how costs and fees should be addressed in a 998 offer.

## DISPOSITION

We reverse the portions of the postjudgment orders awarding post-offer costs and attorney fees to plaintiff and denying post-offer costs to defendant. On remand, the court is instructed to enter an amended postjudgment order awarding only pre-offer costs and attorney fees to plaintiff, post-offer costs to defendant, and any expert witness fees the court determines to award in its discretion to defendant. Defendant is entitled to its costs on appeal.

IKOLA, J.

WE CONCUR:


ARONSON, ACTING P. J.


FYBEL, J.

6