Filed 8/14/19

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| ALICE HERSEY, | B287896 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC543102) |
| v. | |
| STEPHEN VOPAVA, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Ross Klein, Judge.  Reversed and remanded.

Law Office of Jonathan D. Winters and Jonathan D. Winters for Plaintiff and Appellant.

The Safarian Firm, Harry A. Safarian and Christina S. Karayan for Defendant and Respondent.

Under Code of Civil Procedure section 998,[1] a litigant who refuses an offer to compromise and then obtains a judgment lower than the offer is tasked with paying the offeror's costs incurred from the date of the rejected offer. Here respondent landlord made two different offers to compromise his tenant's civil complaint under section 998. Both were rejected. This appeal primarily presents a question of costs, that is, how to determine the correct "net" judgment in favor of appellant tenant and, thereafter, whether the judgment is more favorable than the two section 998 offers.

A landlord-tenant dispute over the habitability of a tenant's apartment generated two offers by landlord Stephen Vopava (respondent), the first for $10,000 and the second for $20,001. Tenant Alice Hersey (appellant) rejected both. After a bench trial, the court awarded Hersey $7,438 in damages. The court subsequently found the section 998 offers were reasonable and made in good faith; declared respondent to be the prevailing party under section 998; and awarded respondent attorney fees pursuant to the rental agreement and costs. Appellant appeals from this post-judgment order awarding costs and attorney fees.

Appellant contends the trial court erred in failing to add her pre-offer costs to the damages award for purposes of determining whether she received a judgment more favorable than the offers within the meaning of section 998. We agree, reverse the trial court's amended judgment incorporating the order, and remand to the trial court for a determination of the amount of appellant's reasonable costs. We need not and do not

---

[1]    Further undesignated statutory references are to the Code of Civil Procedure.

2

reach appellant's contentions that the trial court abused its discretion in finding respondent's offers were reasonable and made in good faith and erred in neglecting to consider whether respondent's costs were reasonable.  We otherwise do not have jurisdiction to consider appellant's attempts to challenge the underlying judgment.

BACKGROUND

Appellant filed her complaint against respondent in April 2014, after she had vacated the apartment she rented from him.  Respondent made his first section 998 offer of $10,000 on September 1, 2015 shortly before the original trial date.  Respondent made his second section 998 offer of $20,001 on July 5, 2017, shortly before the July 24, 2017, trial.  Both offers specified the parties would bear their own costs and fees.

After a four-day bench trial, the trial court ordered judgment entered for appellant in the amount of $7,438.  In its July 31, 2017, ruling, the court summarized the case:  "Plaintiff vacated the property on January 31, 2014, believing it was contaminated with mold and having suffered foul odors for an extended period.  She states that, as a result, she suffered a stroke in January, 2014 and after moving out her cat died and she required medical and psychological care."  The court explained its judgment:  "the Court finds that the Plaintiff has met her burden in showing that she is entitled to rent abatement and judgment for all of the days she was inconvenienced plus the costs of the hotel stays in February, 2014."  The court awarded appellant $4,538 for 110 days of inconvenience during 2011, 2012, and 2013, and $2,900 for hotel stays in February 2014.

The court also found appellant had failed to prove several key facts to support more extensive damages and liability on her

3

other claims.  Appellant had offered no expert testimony that any mold in the apartment exceeded permissible indoor levels.  She had offered "no competent evidence that the conditions in the apartment were the cause of death of" her cat.  Appellant did not meet her burden of proving the causation of her stroke " 'within a reasonable medical probability based upon competent expert testimony.' [Citation.]"  The court added, "Plaintiff's other claims of damages similarly fail on the element of causation."  The court deferred ruling on costs.

Thereafter, on December 22, 2017, the trial court ruled on costs:  "The Court finds that Defendant made a good-faith and reasonable offer to Plaintiff pursuant to CCP section 998.  The Court further finds that the Defendant is the prevailing party.  [¶]  1) Plaintiff's motion to strike and/or tax Defendant's costs is denied.  [¶]  2) Defendant  is awarded requested attorney fees pursuant to the rental agreement.  [¶]  3) Plaintiff is not awarded any costs or fees."  The court awarded respondent costs and attorney fees totaling $30,483.55.

DISCUSSION

*I.  Appellant's Challenges To The Damages Award Are Not Cognizable.*

Before taking up the primary issues of costs, we address appellant's contentions about the damages award.  In addition to challenging the trial court's post-trial order on fees and costs, appellant contends her due process rights were violated by the trial court's failure to award (1) damages for annoyance/ discomfort on her nuisance claim; (2) damages for emotional distress; (3) past lost wages; (4) damages for property loss; (5) economic damages for out of pocket expenses; and (6) pre-judgment interest.  In addition she claims there were

4

irregularities at trial which suggested the court acted out of bias and prejudged the case.

These contentions all arise from the underlying judgment as to damages dated August 31, 2017. Appellant did not file a timely notice of appeal from that judgment. Appellant's notice of appeal states that she is appealing from a judgment entered on December 22, 2017. The December 22, 2017 judgment was the trial court's order on the parties' various post-trial motions on costs and fees. It did not affect or change the judgment on damages entered August 31, 2017, except to show that appellant's award of damages is offset against the costs later awarded to respondent pursuant to section 998, subdivision (e), the order casting respondent landlord as the net creditor. Because the August 31, 2017, judgment left no issue of damages for future consideration by the court, the August 31, 2017 judgment was "final" when entered. (*P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1053 (*P R Burke Corp.*).)

Appellant did not file a timely notice of appeal from the damages award judgment. The notice of entry of the August 31, 2017 judgment was served on September 15, 2017. Appellant had 60 days from the September 15, 2017 notice of entry within which to file her notice of appeal. (California Rules of Court, rule 8.104(a).) Appellant filed a motion for a new trial, which on the record before us would have extended her time to file a notice of appeal until December 29, 2017.[2] She did not file a notice of

---

[2] The record on appeal shows that appellant filed a motion for a new trial, which extended her time to file a notice of appeal. (California Rules of Court, rule 8.108(b).) There was a hearing on this motion on November 2, 2017, at the end of which, the trial

5

appeal until January 11, 2018.  Although the January 11 notice of appeal was timely as to the costs order, " 'an appeal from a postjudgment order [granting or] denying attorneys' fees [or costs] does not reopen the time for appealing from the underlying judgment.' [Citation.]" (*P R Burke Corp, supra*, 98 Cal.App.4th at p. 1053.)

Nonetheless, appellant contends that on appeal from the post-judgment order on costs and fees we can review the damages judgment as well. We cannot review the propriety of the damages award itself.  In an appeal from a post-judgment order, " 'the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment.  [Citation.]  "The reason for this general rule is that to allow the appeal from [an order raising the same issues as those raised by the judgment] would have the effect of allowing two appeals from the same ruling." ' " (*P R Burke Corp, supra*, 98 Cal.App.4th at p. 1053.)

Thus, we may review appellant's entitlement to costs and attorney fees, limited to whether the trial court properly calculated appellant's total recovery within the meaning of section 998 and whether the trial court abused its discretion in

court stated it would take the matter under submission.  The record does not contain a minute order ruling on the motion for a new trial.  (§ 660, subd. (c) ["A motion for a new trial is not determined within the meaning of this section until an order ruling on the motion is entered in the permanent minutes of the court or signed by the judge and filed with the clerk."].) Accordingly, we treat the motion as denied by operation of law "75 days after service on the moving party by any party of written notice of entry of judgment." (*Ibid.*)  That date would have been November 29, 2017.  Appellant then had 30 days to file her notice of appeal.  (California Rules of Court, rule 8.108(b).)

6

determining that respondent's section 998 offers were reasonable and in good faith. However, an appeal from the actual damages judgment is untimely and therefore the judgment is unreviewable.

Further, even if we had jurisdiction to consider issues arising from the August 31, 2017 judgment, we would be unable to do so given the incomplete state of the record on appeal. This action was tried over four days, but appellant has designated a reporter's transcript for only the first day. Appellant has not provided a substitute such as transcripts of the electronic recording or settled statements for the other three days of trial.[3] The first document in the clerk's record chronologically is the minute order for the first day of trial. The only indication of pre-trial motions, rulings or other events is the case summary sheet, which contains very brief descriptions of pleadings and orders. The party challenging a lower court judgment has the affirmative obligation to provide an adequate record. In the absence of such a record, the judgment must be affirmed. (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447-448.)

## II. *The Trial Court Improperly Calculated The "Net" Judgment.*

Appellant contends the trial court failed to calculate the correct "net" judgment to ascertain whether she had obtained a judgment more favorable than the section 998 offers. She contends the trial court should have added her costs and attorney fees to the damages award to determine the correct "net" judgment. We agree.

---

[3] The minute orders for July 25, 27 and 28 indicate that no court reporter was present.

Normally, as the prevailing party, appellant would be entitled under Civil Code section 1717 to an award of costs. However, Section 998 provides that if a defendant makes a settlement offer compliant with the statute and plaintiff does not accept the offer, plaintiff must obtain a judgment more favorable than the offer to recover her costs. (§ 998, subd. (c)(1).) If she does not obtain a more favorable judgment, "the plaintiff shall not recover his or her postoffer costs and shall pay the defendant's costs from the time of the offer." (*Ibid*.)

Section 998, subdivision (c)(2)(A) provides: "In determining whether the plaintiff obtains a more favorable judgment, the court or arbitrator shall exclude the postoffer costs." As the Fourth District Court of Appeal has explained: "By specifying postoffer costs are *excluded* for purposes of determining whether plaintiff obtained a more favorable judgment, the statute necessarily implies preoffer costs are *included*. (§ 998, subd. (c)(2)(A).)" (*Martinez v. Eatlite One, Inc.* (2018) 27 Cal.App.5th 1181, 1184 (*Eatlite*).) Costs include attorney fees for purposes of section 998. (§ 998, subd. (c)(2)(B).)[4] Contrary to appellant's argument, prejudgment interest is not included in costs. (*Wilson v. Wal-Mart Stores, Inc.* (1999) 72 Cal.App.4th 382, 393-394.)

---

[4] Respondent argues costs and attorney fees should not be added to the judgment of damages to determine the more favorable judgment issue under section 998 because costs and fees are excluded from such a calculation when, as here, the plaintiff prevails on a contract cause of action. Twenty-two years ago, respondent would have been correct. The version of section 998, subdivision (c) relied upon by respondent was deleted in 1997.

8

When appellant's judgment is calculated according to *Eatlite's* logical interpretation of section 998, her judgment is more favorable than respondent's first offer. Respondent's offer expressly excluded costs and attorney fees, and so $10,000 is the total amount of the offer for section 998 purposes. (Cf. *Eatlite, supra*, 27 Cal.App.5th at pp. 1184-1885 [if costs and fees are included in § 998 offer, court should take value of costs and fees into account when calculating value of the offer].)

Appellant claimed $4,431.75 in pre-first offer costs (which are acknowledged by respondent on appeal.) Appellant's damages judgment of $7,438 plus $4,431.75 in pre-first offer costs plus $500 in requested attorney fees totals $12,369.75.[5] Under this calculation, appellant obtained a judgment more favorable than the first section 998 offer.

Respondent, however, made a second offer of $20,001. Appellant has made a prima facie showing that she would be the prevailing party with respect to that offer as well. If we add the costs requested by appellant ($12,252.30) plus $500 in attorney fees, appellant's recovery totals $20,190.30, more than respondent's second offer. The trial court, however, did not make findings on appellant's or respondent's respective motions to tax

---

[5] The parties agree $500 is the maximum amount of attorney fees permitted under the rental agreement. Respondent argues, however, that appellant has forfeited her right to those fees. Without the attorney fees, appellant's total would be $11,869.75. In respondent's motion to tax costs in the trial court, respondent argued that only $4,183.75 in costs were recoverable. Respondent's reasons for offering a higher figure on appeal are not clear. Even if we accepted this lower number, however, appellant's total would be $11,621.75.

each other's costs.  The court simply denied appellant's motion, seemingly because she was not the prevailing party, and it made no ruling on respondent's motion, seemingly because he was. Thus, this matter must be remanded for the trial court to decide whether appellant was the prevailing party with respect to the second offer.  In making this determination, the trial court should include all costs reasonably incurred up to the date of the second offer.

Respondent contends, somewhat indirectly, that only appellant's pre-first offer costs should be added to the damages award for purposes of evaluating whether appellant's judgment exceeded respondent's *second* offer.  We do not agree. Respondent has twice conceded that appellant's costs up to the date of the first offer amounted to more than $4000.  There is thus no question that appellant achieved a judgment more favorable than the first offer when her pre-first offer costs are added to the damage award, making her the prevailing party on the first offer.  There is no reason to thereafter "freeze" appellant's costs to those incurred only before the first offer.  (Cf. *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1026 (*Martinez*) [date of first offer controls when defendant fails to obtain a judgment more favorable than either rejected § 988 offer].)

As the facts here show, a variety of different outcomes are possible when a party makes multiple section 998 settlement offers.  The California Supreme Court has explained, however, that there is no bright line rule which applies to every variation of multiple offers.  (*Martinez, supra*, 56 Cal.4th at pp. 1025-1026 ["we need not find the last offer rule *or* the first offer rule controlling in all circumstances"].)  Although we have found no

published cases considering the factual scenario present in this case,[6] the Supreme Court has made clear that the appropriate analytic framework for all multiple offer scenarios is to determine which rule will effectuate the statutory purposes of section 998. (*Martinez*, at pp. 1024-1026.)

Fundamentally, section 998's policy is to encourage settlement. (*Martinez, supra*, 56 Cal.4th at p. 1026.) That policy is implemented by "providing a strong financial disincentive to a party–whether it be a plaintiff or a defendant–who fails to achieve a better result than that party could have achieved by accepting his or her opponent's settlement offer. (This is the stick. The carrot is that by awarding costs to the putative settler the statute provides a financial incentive to make reasonable settlement offers.)" (*Bank of San Pedro v. Superior Court* (1992) 3 Cal.4th 797, 804.) It would not further the purpose of section 998, or be consistent with its statutory implementation, to punish

---

[6]     *Distefano v. Hall* (1968) 263 Cal.App.2d 380 [second offer controls where plaintiff obtained a judgment more favorable than defendant's first offer; judgment was reversed; defendant made a new lower second offer; and plaintiff obtained a judgment at the retrial which was more favorable than the second offer but not the first offer]; *Wilson v. Wal-Mart Stores, Inc., supra,* 72 Cal.App.4th 382 [plaintiff was offeree and increased her offers with the result that defendant did worse than the first offer but better than the second; second offer controls]; see *One Star, Inc. v. STAAR Surgical Co.* (2009) 179 Cal.App.4th 1082, 1094-1095 [if offeror withdraws second offer prior to acceptance, right to cost-shifting is determined by previous offer]; see also *Palmer v. Schindler Elevator Corp.* (2003) 108 Cal.App.4th 154, 157-158 [second offer extinguishes first offer even if second offer is defective].)

11

an offeree who beats an offeror's first offer by freezing her costs at the date of that low first offer. It likewise would not further the purpose of section 998, or be consistent with its statutory implementation, to reward an offeror who makes a low first offer by freezing the offeree's costs at the date of that low offer. Accordingly, we hold that where an offeree achieves a judgment more favorable than a first offer, the determination of whether an offeree obtained a judgment more favorable than a second offer should include all costs reasonably incurred up to the date of the second offer.

On remand, if the trial court finds appellant is not entitled to all her costs and as a result did not recover a judgment more favorable than respondent's second offer, the trial court should consider anew whether respondent's second offer was reasonable and in good faith. If the court finds it was, the court must recalculate the costs to be awarded to respondent and include only those costs incurred after the second offer. (§ 998, subd. (c)(1) [if plaintiff fails to obtain judgment more favorable than defendant's offer, plaintiff "shall pay the defendant's costs from the time of the offer."].)

12

DISPOSITION

The trial court's amended judgment including the incorporated December 22, 2017 order is reversed. The matter is remanded to the trial court for a recalculation of appellant's total judgment in accordance with this opinion. If the court determines that appellant did not receive a judgment more favorable than respondent's second offer, the court should re-evaluate whether the second offer was reasonable and made in good faith; if the court finds it was, the court should recalculate respondent's costs and attorney fees and include only those costs reasonably incurred after the second offer.

**CERTIFIED FOR PUBLICATION**

STRATTON, J.

We concur:

GRIMES, Acting P. J.

WILEY, J.