Filed 4/1/21  Zhang v. Shao CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TING ZHANG et al., | |
| Plaintiffs and Respondents, | G058045 |
| v. | (Super. Ct. No. 30-2017-00924225) |
| XIAO SHAO et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from a judgment of the Superior Court of Orange County, Nathan R. Scott, Judge.  Dismissed.

Law Offices of Angela Swan and Angela Swan; Travis M. Poteat; Sheila Mojtehedi for Defendants and Appellants.

The Law Offices of Sam X.J. Wu, Sam X.J. Wu and Victor Russame for Plaintiffs and Respondents.

## INTRODUCTION

Xiao Shao, Xiao Zheng, Shedoor International, Inc., and Shedoor International, LLC (Appellants), filed a notice of appeal after the trial court entered judgment in favor of Ting Zhang, Zhiqin Song, and Lan Fang (Plaintiffs) on a wage-and-hour complaint. Judgment was entered in March 2019, but Appellants did not file their notice of appeal until July 2019.

The grounds of this appeal are not entirely clear. But whatever they are, it *is* clear that this appeal is from non-appealable orders, untimely, or both. We can review only judgments and appealable orders. The only judgment rendered in this case was entered in March 2019. Appellants did not timely appeal from this judgment, and we cannot review it now. Likewise, they cannot resurrect a dead appeal by making a motion to vacate an order made before judgment was entered and then appealing from the order denying that motion. The appeal is therefore dismissed.

## FACTS

Plaintiffs/Respondents filed a wage-and-hour complaint against Defendants/Appellants in June 2017 and a first amended complaint the same month.

In February 2018, Plaintiffs filed a motion to deem requests for admissions admitted. The motion was unopposed and granted on June 18, 2018. Appellants' motion for reconsideration of the order granting the motion was denied on September 17, 2018.

In October, Plaintiffs moved for summary adjudication of six of the eleven causes of action of the first amended complaint. Appellants applied ex parte on December 17 to continue the hearing on the summary adjudication motion; the court denied that application on December 18.[1] Appellants filed another ex parte application to continue the summary adjudication hearing on December 27. The hearing on this second application was continued from December 28 to December 31.

---

[1] Appellants' counsel did not turn up at the ex parte hearing until it was over and Plaintiffs' counsel had left the courtroom.

The court heard both the summary adjudication motion and the ex parte application for a continuance on December 31. It took both of them under submission. On January 2, 2019, it denied the ex parte application to continue the hearing and granted the summary adjudication motion, based in large part on the deemed-admitted requests for admission.

On January 7, 2019, Plaintiffs dismissed the five causes of action not covered by their summary adjudication motion.

On January 14, Appellants filed a motion to reconsider the court's denial of their second ex parte application to continue the trial, the application heard on December 31. The hearing for the reconsideration motion took place on February 28, 2019, and reconsideration was denied on that date.

Plaintiffs having dismissed the five remaining causes of action on January 7, the court entered judgment for damages in their favor on March 8, 2019, as there was nothing left for trial. Plaintiffs filed and served a notice of entry of judgment on March 11, 2019.

Meanwhile, on February 27, 2019, Appellants moved under Code of Civil Procedure section 473, subdivision (b), to *vacate* the January 2019 order granting summary adjudication[2] and, in a separate motion, to withdraw their deemed admissions. (Code Civ. Proc., § 2033.300). The court denied both motions on May 20, 2019. The court ruled that Appellants had not shown entitlement to discretionary relief under Code of Civil Procedure section 473 for the summary adjudication order and that the motion to withdraw deemed admissions was moot.

---

[2] The caption of the motion stated "Notice of Motion to Set Aside and Vacate Judgment and Defendants' Motion to Vacate Judgment for Summary Adjudication, Granted January 2, 2019." January 2 is the date on which the court granted summary adjudication. Judgment was not entered until March 2019, *after* the motion to vacate was filed.

Appellants filed their notice of appeal on July 19, 2019. They identified the date of the order being appealed from as May 20, 2019.[3] The boxes for "judgment after an order granting summary judgment" and "other – motion to vacate summary judgment pursuant to CCP 663[4] on ground of 473(b)" were checked. As to the latter box, no code section authorizing the appeal was specified, as required.

## DISCUSSION

Appellants have identified three issues for our review: first, whether the court erred in denying their two ex parte applications to continue the hearing on the motion for summary adjudication and in denying the motion to reconsider the court's denial of the second ex parte application; second, whether the court erred in denying the February 2019 motion to vacate the summary adjudication order; third, whether the court erred when it denied Appellants' motion to withdraw their answers to their requests for admissions, which had been deemed admitted. In the argument section of their opening brief and in their reply, Appellants also argue that we should reverse the order granting summary adjudication and the judgment.

Our jurisdiction is limited to judgments and appealable orders. (Code Civ. Proc., § 904.1, subd. (a); *Steen v. Fremont Cemetery Corp.* (1992) 9 Cal.App.4th 1221, 1226.) Moreover, we cannot review any judgment or order – even if appealable – that is

---

[3]    On the notice itself, the date is nearly illegible. Appellants' counsel subsequently filed a declaration with this court confirming that the correct date was May 20, 2019.
       It appears from our records that a prior notice of appeal from the March judgment was filed on June 17, 2019, case No. G057902. The appeal was summarily dismissed for untimeliness by order of this court issued on August 29, 2019.

[4]    Code of Civil Procedure section 663 provides: "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected. [¶] 2. A judgment or decree not consistent with or not supported by the special verdict." Code of Civil Procedure section 663a sets out the timetable and other requirements for making such a motion, none of which Appellants observed.

4

not mentioned in the notice of appeal.[5]  (*Sole Energy Co. v. Petrominerals Corp*. (2005) 128 Cal.App.4th 212, 239, 240; *Rudick v. State Bd. of Optometry* (2019) 41 Cal.App.5th 77, 89-90; *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170 ["'Our jurisdiction on appeal is limited in scope to the notice of appeal and the judgment or order appealed from.' [Citation.]  We have no jurisdiction over an order not mentioned in the notice of appeal"].)  "Despite the rule favoring liberal interpretation of notices of appeal, a notice of appeal will not be considered adequate if it completely omits any reference to the judgment being appealed."  (*Shiver, McGrane & Martin v. Littell* (1990) 217 Cal.App.3d 1041, 1045 (*Shriver*).)  Finally, a notice of appeal must be filed within the time limits prescribed by California Rules of Court, rule 8.104(1)(a).  We do not have jurisdiction to review untimely appeals.  (*Hersey v. Vopava* (2019) 38 Cal.App.5th 792, 796-797.)

No summary judgment was entered in this case.  The court granted summary *adjudication* on six of the eleven causes of action in the first amended complaint, leaving five causes of action to be decided.  An order granting summary adjudication is not appealable.  (*Fisherman's Wharf Bay Cruise Corp. v. Superior Court* (2003) 114 Cal.App.4th 309, 319.)  It is not a final judgment, and it is not one of the orders designated as appealable in the Code of Civil Procedure.

Plaintiffs dismissed the remaining causes of action in January 2019, and the court entered judgment against Appellants in March.  A notice of appeal filed in July from a March judgment is untimely after a notice of entry of judgment has been served.  It is too late to appeal from the judgment now.

Appellants cannot now appeal from the order denying their motion to vacate the ruling of January 2, 2019 – the order granting summary adjudication –

---

[5]    Appellants have filed a document styled "Motion to Raise Point on Appeal Not Included in Notice."  In other words, they want us to review the order denying their motion to withdraw their deemed admissions, even though this order was not included in the notice of appeal.  As stated above, we have no jurisdiction to do so.  California Rules of Court, rule 8.130(a)(2), cited by Appellants as authority for this motion, applies to a notice to prepare a reporter's transcript.  It does not apply to a notice of appeal.  The motion is denied.

because an order granting summary adjudication is not appealable. "'If the original ruling is not final and appealable in its own right, then it is not a judgment. . . . "[An] appeal may not be taken from a nonappealable order by the device of moving to vacate the order and appealing from a ruling denying the motion." [Citation.]' [Citation.]" (*J. Weinrot & Son v. Jackson* (1985) 40 Cal.3d 327, 331, superseded by statute on other grounds, *County of Monterey v. Mahabir* (1991) 231 Cal.App.3d 1650.)

California Rules of Court, rule 8.108(c) provides, "If, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move – or a valid motion – to vacate the judgment, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk, or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move – or motion – is filed; or [¶] (3) 180 days after entry of judgment." This rule does not apply here because Appellants did not file a motion to vacate the *judgment*, which was entered on March 8, 2019. Instead, they filed a motion to vacate the order granting summary *adjudication*, entered on January 2, 2019, and they did so on February 27, 2019, before judgment was entered. The time for Appellants to appeal the March 2019 judgment under rule 8.104(a)(1)(B) – 60 days after service of a notice of entry of judgment – was not extended by filing the motion to vacate.

The order denying the motion to withdraw the deemed requests for admission was not specified in the notice of appeal as one of the orders from which Appellants were appealing. The notice of appeal restricts our jurisdiction to review proceedings in the trial court. If the notice does not identify an order, we cannot review it. (See *Shriver, supra,* 217 Cal.App.3d at p. 1045.)

6

## DISPOSITION

The appeal is dismissed.  Appellants' motion to add an item to the notice of appeal is denied.  Respondents are to recover their costs on appeal. [6]


BEDSWORTH, ACTING P. J.

WE CONCUR:


ARONSON, J.


GOETHALS, J.

---

[6] On the day before oral argument in this matter, we were informed that one of the Appellants, Xiao Shao, had settled with the Plaintiffs and was requesting to be dismissed from the appeal.  Since the entire appeal is dismissed, the request to dismiss Xiao Shao is moot.