Filed 2/25/22 Conservatorship and Estate of Bower CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| Conservatorship of the Person and Estate of DAVID BOWER. ANDREA BOWER, Petitioner and Appellant, v. LYNN BOWER, Objector and Respondent. | G059112, G059568 (Super. Ct. No. 30-2011-00471248) O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Jacki C. Brown, Judge. Affirmed in part and dismissed in part.

Law Office of Alan S. Yockelson and Alan S. Yockelson for Petitioner and Appellant.

Thompson & Colegate, Susan Knock Beck and Laura A. Zamora for Objector and Respondent.

**INTRODUCTION**

Andrea Bower, the former conservator for her late brother David Bower, has appealed from two postjudgment orders awarding David's widow, Lynn Bower, attorney fees and costs incurred during the litigation of Andrea's accountings for the third, fourth, and fifth periods of her conservatorship. The probate court previously entered two judgments – one on Andrea's amended third accounting and the other on her fourth and fifth (and final) accountings – that found much to be desired in the way Andrea had conducted herself as David's conservator. Andrea appealed from both judgments, and we issued our consolidated opinion on January 21, 2022.[1]

Before the appeals on the two judgments had been decided, Lynn made two motions for attorney fees in the probate court: one for the attorney fees and costs incurred in objecting to Andrea's fourth and fifth accountings, and the other for fees and costs incurred in retrying the third accounting. In both cases, the court had ordered Andrea to pay these expenses as part of the judgments, the amounts to be determined later. In both cases, the order rested on a finding of Andrea's bad faith.

The court held hearings on the fee amounts and awarded Lynn $113,959 for the fourth and fifth accountings and $125,392 for the trial of the amended third accounting. Andrea has appealed from both awards, and we have consolidated the two appeals for decision.

We dismiss the appeal from the order granting attorney fees relating to the fourth and fifth accountings, case No. G059112. Andrea's sole issue with respect to that order was the court's authority to hear and decide a motion for attorney fees while the appeal on the judgment from the fourth and fifth accounting was pending. The appeal is no longer pending, and we affirmed the basis for the attorney fee award – the court's

---

[1] *Conservatorship of Bower* (Jan. 21, 2022, G058209 & G058808) [nonpub. opn.].

2

finding that Andrea acted without reasonable cause and in bad faith. The appeal of the attorney fee order for the fourth and fifth accountings is now moot.

We affirm the order granting attorney fees incurred in the retrial of the amended third accounting, case No. G059568. Andrea's argument that the court could not hear the motion while the appeal from the judgment was pending has been rendered moot by the issuance of the opinion on the amended third accounting. She has raised two additional issues in the appeal from this order. First, she disputes the basis of the fee award for the retrial. But the basis for awarding fees was part of the judgment on the amended third accounting, and Andrea failed to raise this issue as part of the appeal from that judgment. She cannot raise it now. Second, she contends that the court erred in awarding fees for clerical activities at attorney rates. She did not provide this court with an adequate record for review, so the issue is waived.

**FACTS**

A detailed account of the facts underlying these two appeals can be found in the opinion regarding Andrea's three accountings issued on January 21, 2022. Briefly, Andrea submitted an accounting for the third conservatorship period (November 2014 through December 2015) that the probate court substantially rejected. Pursuant to the court's order, the third accounting was subsequently retried, after the court had tried Andrea's fourth and fifth (and final) accountings and entered a judgment on them. Andrea appealed from the judgment on the fourth and fifth accountings and then from the subsequent judgment on the amended third accounting. We largely upheld the probate court on both judgments.

One of the findings in the statement of decision after trial of the amended third accounting was that Andrea had acted in bad faith in failing to comply with the court's order following the original trial of the third accounting. Consequently, Andrea had to pay Lynn's attorney fees for the retrial. The judgment on the amended third accounting included this order.

3

The judgment on the fourth and fifth accountings also included an order to pay Lynn's attorney fees. The court found that Andrea's opposition to Lynn's objections to these accountings was without reasonable cause and in bad faith, a condition of fee awards under Probate Code sections 2622.5, 11003 and 17211.[2] The amounts of these fees were to be determined after separate hearings.

The hearing on the amount of fees for the fourth and fifth accountings took place on February 26, 2020. The court awarded Lynn $113,959 in fees and costs for litigating these accountings.

The hearing on the amount of fees for the trial of the amended third accounting took place on July 10, 2020. The court awarded Lynn $125,392 in fees and costs for the amounts incurred in retrying the third accounting.

Andrea has separately appealed from both attorney fee orders. We have consolidated the cases for decision, and the parties have waived oral argument.

**DISCUSSION**

**I.      Jurisdiction**

The issue common to both appeals is the probate court's authority to rule on Lynn's motions for attorney fees while the appeals from the two judgments on the third, fourth, and fifth accountings were pending. This is Andrea's sole issue with respect to the order granting fees for the fourth and fifth accountings. It is one of three issues in the appeal from the order awarding fees on the amended third accounting.

---

[2]     All further statutory references are to the Probate Code unless otherwise indicated.

Section 2622.5, subdivision (b), provides, "If the court determines that the opposition to the objections was without reasonable cause and in bad faith, the court may award the objector the costs of the objector and other expenses and costs of litigation, including attorney's fees, incurred to contest the account. The amount awarded is a charge against the compensation of the guardian or conservator, and the guardian or conservator is liable personally and on the bond, if any, for any amount that remains unsatisfied."

Section 11003, subdivision (b), provides, "If the court determines that the opposition to the contest was without reasonable cause and in bad faith, the court may award the contestant the costs of the contestant and other expenses and costs of litigation, including attorney's fees, incurred to contest the account. The amount awarded is a charge against the compensation or other interest of the personal representative in the estate and the personal representative is liable personally and on the bond, if any, for any amount that remains unsatisfied."

4

Relying on section 1310, subdivision (a), Andrea claims that filing a notice of appeal effected a stay such that the probate court could not rule on attorney fees before the appeals from the judgments were concluded. The court ruled that it could.

Section 1310 subdivision (a), provides, "Except as provided in subdivisions (b), (c), (d), and (e), an appeal pursuant to Chapter 1 (commencing with Section 1300) stays the operation and effect of the judgment or order." None of the four subdivisions referred to in subdivision (a) applies.

The parties have not directed us to any cases specifically addressing whether the stay of section 1310 applies to postjudgment attorney fee orders, and we have found none. From the statutory language, however, it appears that the stay of section 1310 applies only to the orders referred to in Chapter 1, commencing with section 1300. The orders appealable under section 1300 include settling an account of a fiduciary, approving or confirming the acts of a fiduciary, directing payment of a cost, fixing the compensation or expenses of an attorney, fixing of the compensation of expenses of a fiduciary, and surcharging a fiduciary. Sections 1301, 1301.5, 1302, 1302.5, 1303, and 1304, the other sections in Chapter 1, refer to orders affecting a guardianship, a conservatorship, a decedent's estate, a power of attorney, and a trust. None of these sections includes a postjudgment award of attorney fees as an appealable order. It does not appear to us that the stay of section 1310 applies to such an award.[3]

We need not decide this question, however, because, with the issuance of our opinion regarding the judgments on the underlying accountings, the issue has become moot. Even if Andrea is correct, "an action which originally was based upon a justiciable controversy cannot be maintained on appeal if the questions raised therein have become

_____

[3] The stay of an ordinary civil appeal, as provided under Code of Civil Procedure section 916, definitely does *not* stay a postjudgment award of attorney fees. (See *Korchemny v. Piterman* (2021) 68 Cal.App.5th 1032; *Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 368, superseded by statute on other grounds; *Nazemi* v. *Tseng* (1992) 5 Cal.App.4th 1633, 1639, superseded by statute on other grounds; *Silver v. Gold* (1989) 211 Cal.App.3d 17, 26; *Hoover Community Hotel Development Corp. v. Thomson* (1985) 168 Cal.App.3d 485, 487 [attorney fees incidental to merits of matter on appeal]; *In re Marriage of Sherman* (1984) 162 Cal.App.3d 1132, 1140.)

5

moot by subsequent acts or events." (*Finnie v. Town of Tiburon* (1988) 199 Cal.App.3d 1, 10.)

In this case, we can render no effectual relief to Andrea on her appeal from the attorney fee order relating to the fourth and fifth accountings, now that the decision on the appeal from the underlying judgment is final. We upheld the grounds for awarding the fees – Andrea's lack of reasonable cause and her bad faith in opposing Lynn's objections. The most we could do with respect to this order, even if Andrea is correct, is to return the order to the probate court to be reissued – a pointless exercise.

With respect to the attorney fee award relating to the amended third accounting, the probate court's lack of authority to hear and decide the motion was one of three issues on appeal. Subsequent events have mooted this issue as well. We now turn to the other two.

## II.        Attorney Fees for Amended Third Accounting

Andrea has identified two issues relating solely to the probate court's attorney fee award for the amended third accounting. First, she argues that the court abused its discretion in awarding fees under section 2622.5, subdivision (b), because it did not make a finding of lack of reasonable cause in addition one of bad faith. Both, she maintains, are required to support an award of fees. Second, Andrea disputes charges for activities such as calendaring and preparing proofs of service at the attorney rate of $300 per hour.

We cannot review the first issue as part of this appeal because the ruling that Andrea was liable to Lynn for these attorney fees was part of the court's judgment on the amended third accounting. Andrea did not dispute the basis for the fee award when she appealed from that judgment, which appeal has now been decided. She therefore cannot raise this issue in a subsequent appeal. "'[T]the issues raised by the appeal from the order [on attorney fees] must be different from those arising from an appeal from the judgment. [Citation.] "The reason for this general rule is that to allow the appeal from

6

[an order raising the same issues as those raised by the judgment] would have the effect of allowing two appeals from the same ruling[.]" [Citation.]' [Citations.]" (*P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1053; see also *Hersey v. Vopava* (2019) 38 Cal.App.5th 792, 797 [appeal from postjudgment order does not reopen time to appeal from underlying judgment].)

The only issue before the probate court on Lynn's fee motion was how much to award, not whether she was entitled to fees. The amount of the fees is thus the only issue we can review as part of an appeal from the postjudgment order.

Andrea's appeal from the judgment on the amended third accounting did not include any issue with respect to the grounds for awarding Lynn her attorney fees for the retrial or with respect to the failure of the court to make a finding of lack of reasonable cause.[4] She cannot obtain review of this issue in a subsequent appeal.

As to the second issue, there is a problem with the record. Andrea's original opposition to Lynn's fee motion exceeded the page limits allowed by California Rules of Court, rule 3.113(d) by quite a bit. Lynn protested regarding the length and, in accordance with the court's ruling on that objection, Andrea revised the opposition to comply with page limitations. The court took note of the rule violation, but agreed to consider the revised opposition.[5]

The appellant's appendix does not include the revised opposition, only the over-long one. We therefore have no written record of what the court had before it when it ruled on Andrea's objections and, more importantly, nothing in writing to tell us what objections were placed before the probate court at the hearing.

---

[4] Lynn's request for judicial notice of Andrea's opening brief on appeal from the judgment on the amended third accounting is granted. We have also taken judicial notice of our opinion of January 21, 2022.

[5] The register of actions records an opposition filed by Andrea on June 18, 2020, which is the date of the opposition in the appellant's appendix. Another opposition, presumably the one considered by the court, was filed on June 22. The second opposition is not in the appellant's appendix.

The reporter's transcript of the hearing reflects a few of Andrea's objections to billing at attorney rates for secretarial or paralegal tasks and taking too long to do them.[6] "[T]here is no reason why those people [i.e., secretaries and paralegals] can't do things like filing a proof of service, scanning documents, copying documents onto a flash drive, exchanging an e-mail with a court reporter, driving to the courthouse to pick up an order. . . . [¶] . . . There's no reason to bill 12 minutes at $300 an hour to press a couple [of] keys; the same with reviewing a notice of change of address."

The court's written ruling does not specifically discuss billing secretarial tasks at attorney rates. Instead, the court refers to "56 separate instances in which the amount or type of service is contested," presumably in the revised opposition that is not part of the record.[7] The court characterized the basis of disputing each objectionable item as "merely that [Andrea's] counsel would not have either performed that service or taken that amount of time to do it."

It is possible that what the court meant by "counsel would not have performed that service" is that a secretary or paralegal would have done it instead. It is also possible, however, that the court meant the service would not have been performed at all. Because we do not have the opposition that the court reviewed with the "56 separate instances," we cannot tell what the court meant.[8]

Andrea's opening brief is similarly unhelpful. She argues that "[m]ost of the challenged time entries include clerical work" and cites to pages in the opposition that the probate court did not consider. Because we do not have the opposition that the court *was* looking at when it made its ruling, we have no way to corroborate this statement.

---

[6] The record initially did not include a reporter's transcript of the hearing because counsel had entered the wrong hearing date on the notice designating the record on appeal. We permitted Andrea to file the transcript of the hearing after briefing was completed.

[7] As the court stated, it was Andrea's burden to show "with specificity each item that is not justified for payment, with individualized argument and *citations to the evidence* in support of that argument."

[8] The court disallowed .7 hours for "travel to the courthouse," indicating that it had scrutinized the bills for tasks that did not require an attorney. This was the only time entry disallowed on that ground.

8

The appellant is responsible for presenting our court with a complete record for our review. "It is the burden of the party challenging the fee award on appeal to provide an adequate record to assess error. [Citations.] . . . Because they failed to furnish an adequate record of the attorney fee proceedings, defendants' claim must be resolved against them." (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296.)

## DISPOSITION

The appeal from the attorney fee order for the fourth and fifth accountings, case No. G059112, is dismissed as moot. The attorney fee order for the amended third accounting, case No. G059568, is affirmed. Respondent's request for judicial notice is granted. Respondent is to recover her costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

FYBEL, J.

GOETHALS, J.

9