Filed 7/13/22  P. v. Farren CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>    v.<br><br>HEATHER JEANNETTE FARREN,<br><br>       Defendant and Appellant. | C094438<br><br>(Super. Ct. Nos. CRF2002641,<br>CRF2100707) |

Defendant Heather Jeannette Farren pleaded guilty to felony vandalism (Pen. Code, § 594, subd. (b)(1))[1] in one case and in a separate case pleaded guilty to burglary

---

[1] Undesignated statutory references are to the Penal Code.

1

(§ 459). The trial court placed her on probation and ordered her to pay various fines and fees.

Defendant now contends we should vacate fees under sections 1203.1b, 987.8, and Government Code section 29550.2 pursuant to Assembly Bill No. 1869 (2019-2020 Reg. Sess.). We agree that fees imposed under section 1203.1b and Government Code section 29550.2 must be vacated, but we disagree that fees under section 987.8 must be vacated, as the record indicates they were not imposed.

Defendant also challenges certain fines and assessments under *People v. Dueñas* (2019) 30 Cal.App.5th 1157, equal protection, and the prohibition against excessive fines. We conclude the claim is forfeited because defendant failed to object to the imposition of the fine and fees or request an ability to pay hearing. Anticipating this result, defendant argues counsel was ineffective. We conclude defendant has not demonstrated prejudice.

We will modify the judgment to vacate the fees imposed under section 1203.1b and Government Code section 29550.2, and affirm the judgment as modified.

BACKGROUND

In case No. CRF2002641 (641), after a convenience store denied her request to buy expired food, defendant went into the bathroom and broke the mirror and sink, causing approximately $1,200 in damages. Defendant pleaded no contest to felony vandalism (§ 594, subd. (b)(1)).

The trial court suspended imposition of sentence and placed defendant on probation for two years with various terms and conditions. Finding an ability to pay, the trial court ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)), a $300 probation revocation fine (§ 1202.44), a 10 percent collection fee (§ 1202.4, subd. (*l*)), a $40 probation fee (§ 1203.1b), a $370 presentence report fee (§ 1203.1b), a $43.50 booking fee (Gov. Code, § 29550.2), a $5 fee for each urinalysis drug test (§ 1203.1b), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov.

2

Code, § 70373).  The trial court did not order defendant to pay attorney's fees under section 987.8, but reserved jurisdiction.

In case No. CRF2100707 (707), defendant rummaged through a truck in a parking lot, and the truck had over $2,000 in damage.  The owner of the truck said it was not damaged when he parked it.  Defendant pleaded no contest to burglary.  (§ 459)  The remaining counts were dismissed with a *Harvey*[2] waiver.  The trial court suspended imposition of sentence and placed defendant on probation for two years with various terms and conditions.  The trial court indicated it was striking the probation fee (§ 1203.1b) and the presentence report fee (§ 1203.1b) due to "a limited ability to pay in this case."  The trial court also found an inability to pay the booking fee.  But it ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)), a $300 probation revocation fine (§ 1202.44), a $5 fee for each urinalysis drug test (§ 1203.1b), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).  Again, the trial court did not impose, but reserved jurisdiction on, section 987.8 attorney's fees.

DISCUSSION

I

Defendant contends the $40 probation fee (§ 1203.1b), $370 presentence report fee (§ 1203.1b), and $43.50 booking fee (Gov. Code, § 29550.2) imposed in case No. 641, and the $5 fee for each urinalysis drug test (§ 1203.1b) imposed in both case No.  641 and case No. 707, must be vacated in light of the passage of Assembly Bill No. 1869.  The People agree with defendant.

Assembly Bill No. 1869 was signed into law in September 2020 and became operative on July 1, 2021.  The bill repeals the authority to collect certain fees (see Stats. 2020, ch. 92, §§ 11, 62), it renders the unpaid balance of the fees unenforceable and

---

[2]  *People v. Harvey* (1979) 25 Cal.3d 754.

3

uncollectible, and it requires that any portion of a judgment "imposing" such fees be vacated. (See *ibid*.; § 1465.9, subds. (a), (b), as added by Stats. 2020, ch. 92, § 62; Gov. Code, § 6111, subds. (a), (b), as added by Stats. 2020, ch. 92, § 11.)

As relevant to this appeal, the unpaid portion of the $40 probation fee, $370 presentence report fee, and $43.50 booking fee imposed in case No. 641, and the $5 fee for each urinalysis drug test imposed in both cases, is now unenforceable and uncollectible (§ 1465.9) and the portion of the judgment imposing them must be vacated (*id*., subd. (a)).

Defendant also contends section 987.8 attorney's fees should be vacated in both cases. We disagree because the record indicates such fees were not imposed in either case. Rather, the trial court reserved jurisdiction to possibly impose such fees in the future. An order reserving jurisdiction is not an order imposing a fee, but rather an order allowing the court to retain authority to impose attorney's fees at a later date. (See *People v. Antolin* (2017) 9 Cal.App.5th 1176, 1179-1180; *PR Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1053.)

Despite the trial court's reservation of jurisdiction, Assembly Bill No. 1869 has now abrogated the trial court's authority to impose section 987.8 attorney's fees. But because the trial court has not yet imposed the fees, there is no imposed section 987.8 attorney's fee to vacate under Assembly Bill No. 1869.

II

In addition, defendant challenges the restitution fines, court operations assessments, and conviction assessments under *People v. Dueñas, supra*, 30 Cal.App.5th 1157. She also claims the imposition of the restitution fines without consideration of her ability to pay violates the Eight Amendment prohibition against excessive fines and equal protection. In support of her claim that she had no ability to pay, defendant notes her alcohol use and lack of permanent housing, employment, and income.

4

*Dueñas* was decided in January 2019.  Although defendant was sentenced in June 2021 in both cases, long after *Dueñas* was decided, her trial counsel did not assert in the trial court the grounds she now raises on appeal.  Under the circumstances, defendant forfeited her challenge to the restitution fines and assessments.  (*People v. Scott* (1994) 9 Cal.4th 331, 351-354 [to preserve a sentencing issue for review, it must be raised in the trial court].)  That defendant's ability to pay claims are constitutional in character does not alter the application of the forfeiture doctrine.  (See *People v. Trujillo* (2015) 60 Cal.4th 850, 859; *In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.)

Defendant nevertheless argues counsel's failure to object constituted ineffective assistance.  To establish such a claim, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms.  Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different."  (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

Here, defendant has not established prejudice.  The trial court did, in fact, consider her ability to pay, referencing it twice.  It also had the probation report, which described defendant's alcohol use and lack of permanent housing, employment, and income.  Defendant does not identify the additional information the trial court should have considered.  Accordingly, she has not established it is reasonably likely that had her counsel asserted an objection or requested a hearing, the result would have been different.  Defendant's ineffective assistance claim fails.

## DISPOSITION

The judgment is modified to vacate the $40 probation fee (§ 1203.1b), $370 presentence report fee (§ 1203.1b), and $43.50 booking fee (Gov. Code, § 29550.2)

imposed in case No. 641, along with the $5 fee for each urinalysis drug test (§ 1203.1b) imposed in both case No. 641 and case No. 707.  The judgment is affirmed as modified.

                                                   /S/
                                            MAURO, J.

We concur:


      /S/
ROBIE, Acting P. J.


      /S/
DUARTE, J.

6