[Civ. No. 13805.   First Dist., Div. Two.   Sept. 24, 1948.]

JOHN KAN et al., Plaintiffs, v. ERNEST TSANG et al., Appellants. CHARLES T. BUTTERWORTH, as Receiver, etc., et al., Respondents.

Robert E. Hatch for Appellants.

W. J. Mahaney for respondents.

NOURSE, P. J.—Motion to dismiss an appeal.

An appeal was taken from an order confirming a sale of property, ruling on objections to a receiver's report, and directing payment of attorney's fees and distribution under certain conditions. Paragraph 7 of the order directs that "the amount of fees to be paid . . . be fixed by agreement of the parties, subject to the approval of this court." Paragraph 14 directs the receiver to operate the business "until such time as the assets . . . have been fully and finally distributed pursuant to the order of this court. . . ."

These portions of the decree would appear to be interlocutory. But the real elements of the decree, which confirms a sale of property, unconditionally orders reimbursement of certain persons rendering services to the estate, and orders distribution of the assets, are final and contemplate no further judicial action except consideration of the fact of compliance or noncompliance with the terms of the decree. These features determine the finality of the decree for purposes of appeal whereas paragraphs 7 and 14 merely reserve to the court the power to approve the agreement of the parties fixing attorney's fees and the power to determine whether the receiver has made distribution "pursuant to the order of this court." Neither calls for judicial action "essential to a final determination of the rights of the parties." (*Lyon* v. *Goss*, 19 Cal.2d 659, 670 [123 P.2d 11].)

Motion denied.

Goodell, J., and Dooling, J., concurred.