[No. E028207. Fourth Dist., Div. Two. May 29, 2002.]

P R BURKE CORP., Cross-complainant and Appellant, v.
VICTOR VALLEY WASTEWATER RECLAMATION AUTHORITY,
Cross-defendant and Respondent.

**[Opinion certified for partial publication.\*]**

_____

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts III.A. and IV.

1048

COUNSEL

Law Offices of David L. Brault and David L. Brault for Cross-complainant and Appellant.

Best Best & Krieger, Piero C. Dallarda and John D. Higginbotham for Cross-defendant and Respondent.

OPINION

**RICHLI, J.**—"All too often attorney fees become the tail that wags the dog in litigation." (*Deane Gardenhome Assn. v. Denktas* (1993) 13 Cal.App.4th 1394, 1399 [16 Cal.Rptr.2d 816].)

In this action, Bragg Investment Company sued P R Burke Corp. (Burke) for $53,989. Burke cross-complained against the Victor Valley Wastewater Reclamation Authority (the Authority), essentially for indemnity. The trial court awarded Bragg just $9,561 against Burke; it denied Burke any recovery against the Authority whatsoever, and it ruled that the Authority was entitled to recover attorney's fees from Burke. Thereafter, it awarded the Authority $64,619.50 in attorney's fees.

Burke's sole appellate contention is that the Authority was not entitled to recover attorney's fees because the applicable contract contains an indemnity provision rather than an attorney's fee provision. The Authority mounts a multipronged response. In addition to arguing, of course, that it *was* entitled to attorney's fees, it argues that:

1. Because the judgment determined that the Authority was entitled to attorney's fees, and because Burke failed to file a timely appeal from the judgment, we lack jurisdiction to reach Burke's contention.

2. Burke is judicially estopped to dispute the Authority's entitlement to attorney's fees.

3. Burke waived its contention that the applicable contract contains an indemnity provision rather than an attorney's fee provision by failing to raise it below.

We will hold that we have jurisdiction to review the entitlement to, and not merely the amount of, attorney's fees. We will further hold, however, that Burke has waived its contention that the Authority is not entitled to attorney's fees by failing to raise it below. Accordingly, we will affirm.

## I

### Factual Background

The Authority contracted with Burke for the construction of improvements to its wastewater reclamation facility. The contract between them provided that: "[Burke] shall indemnify and hold [the Authority] harmless against any and all liability, claims, loss or injury, including costs, expenses, and *attorney's fees incurred in the defense of same*, arising from any allegation . . . of damage or injury to any person or property resulting from the performance of the Work or from any material used in the Work or from any condition of the Work or Work site, or from any cause whatsoever during the process of the Work." (Italics added; hereafter the Indemnity/Fee Clause.)

As part of the contract, Burke was required to open and clean two "digesters" (large tanks in which sludge from wastewater was broken down). Burke subcontracted with Bragg, a crane company, to remove and replace the digester lids. The Authority gave Burke, and Burke passed along to Bragg, certain information regarding the weight of the digester lids. Burke, however, warned Bragg that it did not warrant the accuracy of the information and that Bragg should inspect the lids for itself.

When Bragg began lifting the first lid, its crane began to tip over, so it halted the operation. The next day, using two cranes, Bragg managed to lift the lid. Bragg claimed that, because of water trapped inside, the lid was 25 tons heavier than it had been advised. It demanded compensation for its additional expenses. The evidence, however, showed that there was no significant amount of water inside the lid and that the lid was actually *lighter* than Bragg had been advised. There was also evidence that Bragg had been trying to use a 165-ton crane instead of the 180-ton crane featured in its proposal.

## II

### PROCEDURAL BACKGROUND

Bragg filed this action against Burke, the Authority, and others. Burke cross-complained against the Authority for indemnity and declaratory relief. As part of its cause of action for declaratory relief, it alleged that there was a dispute as to whether the Authority was required to reimburse it for the expenses it incurred in the action, specifically including attorney's fees. However, it did not pray for attorney's fees. The Authority answered the cross-complaint and prayed for attorney's fees.

The parties' trial briefs did not discuss attorney's fees. The only evidence relevant to attorney's fees that was introduced was the contract between Burke and the Authority—which, of course, was also relevant to other issues. In closing argument, counsel for the parties did not mention attorney's fees.

The trial court issued a statement of decision, ruling, among other things, that Burke "shall recover nothing" from the Authority and that the Authority "shall be entitled to its costs and attorney's fees as provided in the parties' contract."

On July 10, 2000, the trial court entered a judgment which likewise stated that Burke "shall recover nothing" against the Authority and that the Authority "shall be entitled to its costs and attorney's fees." On July 12, 2000, the court clerk mailed a file-stamped copy of the judgment to Burke. (Although the proof of service purports to be for a "ruling re motion to bifurcate" (capitalization omitted) in another case rather than the judgment in this case, Burke has conceded that what was actually served was the judgment.)

The Authority then filed a motion for attorney's fees. It asserted that the trial court had already determined, in the statement of decision and the judgment, that it was entitled to attorney's fees and that all the trial court still needed to determine was the amount of the fee award. It requested an award of $64,619.50.

In opposition to the motion, Burke argued that certain fee items were unreasonable. In a supplemental opposition, it also argued that the Indemnity/Fee Clause was unenforceable under Public Contract Code section 7104, subdivision (a)(1). At the hearing on the motion, it further argued that the fees sought were against public policy and that the Authority was not entitled to attorney's fees under the Indemnity/Fee Clause because the action was based on the Authority's sole negligence.

On October 2, 2000, the trial court granted the motion, awarding the Authority the full $64,619.50 it was seeking. On October 17, 2000, Burke filed a notice of appeal, purporting to appeal from both the July 10, 2000, judgment and the October 2, 2000, fee award.

The Authority filed a motion to dismiss the appeal. It argued that, with respect to the July 10, 2000, judgment, Burke's notice of appeal was untimely. It conceded that Burke's notice of appeal was timely with respect to the October 2, 2000, fee award; it argued, however, that Burke should be limited to challenging the amount of the fees. In opposition, Burke stated: "The only issue on appeal is the appropriateness of awarding attorney[']s fees and the proper amount of fees . . . ." We denied the motion; we explained: "The notice of appeal . . . is timely as to the order awarding fees and costs."

## III

### APPEALABILITY

The Authority asserts that the judgment determined that it was entitled to attorney's fees. It argues that any challenge to that determination had to be raised in an appeal from the judgment and cannot be raised in this appeal from the postjudgment order determining the amount of the fee award.

A. *Burke's Preliminary Contentions.**

. . . . . . . . . . . . . . . . . . . . . . . . . .

B. *Analysis.*

Ordinarily, contractual attorney's fees must be sought by noticed motion. (Code Civ. Proc., § 1033.5, subd. (c)(5); Cal. Rules of Court, rule 870.2(b); *Allstate Ins. Co. v. Loo* (1996) 46 Cal.App.4th 1794, 1797-1798 [54 Cal.Rptr.2d 541].) This is true regarding both the entitlement to, and the amount of, the fees. (Cal. Rules of Court, rule 870.2(a).)) The necessary motion may be filed after the judgment has already been entered (Cal. Rules of Court, rule 870.2(b))—and almost always is, for good reasons. First, before the entry of judgment, there is technically no prevailing party. (See Code Civ. Proc., § 1032, subd. (a)(4).) Second, the parties may still incur additional fees. Thus, here the trial court erred by adjudicating the entitlement to fees in the judgment before any motion for fees had been filed. This particular error, however, was waived by failure to object below.

---

*See footnote, *ante*, page 1047.

■ A postjudgment order awarding or denying attorney's fees is separately appealable, as an order made after an appealable judgment. (Code Civ. Proc., § 904.1, subd. (a)(2)); *Raff v. Raff* (1964) 61 Cal.2d 514, 519 [39 Cal.Rptr. 366, 393 P.2d 678]; *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 45-46 [269 Cal.Rptr. 228].) In an appeal from a postjudgment order, however, "the issues raised by the appeal from the order must be different from those arising from an appeal from the judgment. [Citation.] 'The reason for this general rule is that to allow the appeal from [an order raising the same issues as those raised by the judgment] would have the effect of allowing two appeals from the same ruling and might in some cases permit circumvention of the time limitations for appealing from the judgment.' [Citation.]" (*Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 651 [25 Cal.Rptr.2d 109, 863 P.2d 179], quoting *Rooney v. Vermont Investment Corp.* (1973) 10 Cal.3d 351, 358 [110 Cal.Rptr. 353, 515 P.2d 297].) Thus, "an appeal from a postjudgment order [granting or] denying attorneys' fees does not reopen the time for appealing from the underlying judgment." (*CC-California Plaza Associates v. Paller & Goldstein* (1996) 51 Cal.App.4th 1042, 1047 [59 Cal.Rptr.2d 382].)

■ In general, " 'where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' [Citations.]" (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698-699 [107 Cal.Rptr.2d 149, 23 P.3d 43], quoting *Lyon v. Goss* (1942) 19 Cal.2d 659, 670 [123 P.2d 11].) A judgment, however, may have both final, appealable portions and interlocutory, nonappealable portions. (*Degnan v. Morrow* (1969) 2 Cal.App.3d 358, 362-365 [82 Cal.Rptr. 557]; *La Jolla Casa de Manana v. Hopkins* (1950) 98 Cal.App.2d 339, 344 [219 P.2d 871].) For example, if a judgment provides that the party seeking attorney's fees may renew the motion later, that portion of the judgment is nonfinal and nonappealable. "[Such a] ruling is in the nature of an interlocutory order directing that further proceedings be taken before a determination is made." (*In re Marriage of Jafeman* (1972) 29 Cal.App.3d 244, 268 [105 Cal.Rptr. 483].) Similarly, if a judgment reserves jurisdiction to award attorney fees, that portion of the judgment is nonfinal and nonappealable. (*Chapman v. Tarentola* (1960) 187 Cal.App.2d 22, 25 [9 Cal.Rptr. 228].)

■ More to the point, if a judgment determines that a party is entitled to attorney's fees but does not determine the amount, that portion of the judgment is nonfinal and nonappealable. This is clear from *Kan v. Tsang* (1948) 87 Cal.App.2d 699 [197 P.2d 378]. There, the trial court confirmed a

sale of property, directed a receiver to pay people who had rendered services to the estate, and ordered the receiver to distribute the assets. It also stated that the amount of attorney's fees to be awarded was to " 'be fixed by agreement of the parties, subject to the approval of this court.' " The appellate court held that those portions of the order which confirmed the sale, directed payment, and ordered distribution were final and appealable. It noted, however, that the portion regarding attorney's fees was interlocutory because it did not "call[] for judicial action 'essential to a final determination of the rights of the parties.' [Citation.]" (*Id.*, at p. 700, quoting *Lyon v. Goss, supra*, 19 Cal.2d at p. 670.)

Here, the provision of the judgment that the Authority "shall be entitled to . . . attorney's fees" was nonfinal. Further judicial action was necessary to determine the *extent* of the Authority's entitlement to attorney's fees. Indeed, the trial court could still have ruled that the amount of fees to which the Authority was entitled was zero—if, for example, the Authority failed to submit adequate evidence of the amount. This did not detract from the judgment's appealability in other respects. (*Eldridge v. Burns* (1978) 76 Cal.App.3d 396, 403-405 [142 Cal.Rptr. 845].) In an appeal solely from the judgment, however, we could not have reviewed the entitlement to attorney's fees as long as the amount of fees remained undetermined.

This is consistent with the policy against piecemeal appeals. A hypothetical should make this even clearer. Suppose, for a moment, the judgment was silent regarding attorney's fees. Later, after the Authority filed a motion for attorney's fees, the trial court entered a postjudgment order ruling that the Authority was entitled to fees, but directing the parties to submit additional evidence and/or argument regarding the amount. Finally, in a second post-judgment order, the trial court awarded the Authority $64,619.50 in attorney's fees. Under the Authority's logic, Burke could have had to file two separate notices of appeal, one from the first order and one from the second order. The issues, however, would be those arising from a single motion.

At first blush, *Grant v. List & Lathrop* (1992) 2 Cal.App.4th 993 [3 Cal.Rptr.2d 654] may seem inconsistent with our reasoning, but it is not at all. It held that "when a judgment awards costs and fees to a prevailing party and provides for the later determination of the amounts, the notice of appeal subsumes any later order setting the amounts of the award." (*Id.*, at p. 998.) "The cases . . . confirm the ability to challenge an award of costs and/or fees by filing a separate notice of appeal. . . . [¶] However, *requiring* a separate appeal from such an order when the judgment expressly makes an award of costs and/or fees serves no apparent purpose." (*Id.*, at p. 997.) It follows that, in an appeal from the judgment, we could have reviewed the postjudgment order determining the amount of fees.

*Grant* did *not* hold, however, that an appellate court could review a determination of the entitlement to fees in a judgment even if there were *no* postjudgment order determining the amount of fees. To the contrary, *Grant* reasoned, in part, that, if the postjudgment order had to be appealed separately, "we could review only part of the judgment from which the appeal was taken and in essence rule upon a judgment containing *blanks*. We see no policy reason favoring that approach and respondents have not cited any authority requiring us to follow it." (*Grant v. List & Lathrop, supra,* 2 Cal.App.4th at p. 997.) Moreover, *Grant* noted that an appellant seeking review of an attorney's fee award has the *option* of appealing either from the judgment or from the postjudgment order. Thus, it suggested that the *scope* of the review would be the same under both scenarios.

We conclude that an order determining the entitlement to attorney's fees, but not the amount of the fee award, is interlocutory. This is true even if such an order is contained in what is otherwise an appealable judgment. It follows that, in an appeal from a postjudgment order awarding attorney's fees, we may review the entitlement to, as well as the amount of, the fees awarded.

IV*

WAIVER

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

V

DISPOSITION

The order appealed from is affirmed.

Ramirez, P. J., and Ward, J., concurred.

---

*See footnote, *ante,* page 1047.