Filed 6/16/14  Estate of Dunmore CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| Estate of GEORGE P. DUNMORE, Deceased. | |
| PREMIERWEST BANK, | |
| Petitioner and Respondent, | C072354 |
| v. | |
| STEVEN G. DUNMORE, as Personal Representative, etc., | (Super. Ct. No. SPR4957) |
| Objector and Appellant. | |

After the personal representative of the estate of George P. Dunmore rejected a claim for repayment of a commercial mortgage, PremierWest Bank (PremierWest) filed a "petition for determination of entitlement to estate distribution" under Probate Code section 11700.[1]  The trial court issued an order granting the petition and reserving the question of "the amount of distribution of assets of the estate" owed to PremierWest as an issue "to be determined at a later date."  The personal representative appeals from the trial court's order.  PremierWest argues the order is interlocutory in nature and thus nonappealable.  We agree and dismiss the appeal.

---

[1]     Undesignated statutory references are to the Probate Code.

1

BACKGROUND

Dunmore died testate in October 2007. PremierWest filed a creditor's claim as successor in interest to a commercial loan for more than $6 million that was claimed to be owed by decedent. The estate's personal representative did not accept nor reject the claim. PremierWest then amended its creditor's claim to reduce the obligation to $4,530,122.78.

In March 2011, the personal representative filed a first and final report for status of administration and petition for order of final distribution. Although the first and final report allowed PremierWest's claim, the personal representative thereafter rejected the claim. In response, PremierWest filed a petition for determination of entitlement to estate distribution. The personal representative opposed the petition. The probate court heard the matter and granted the petition as follows:

"IT IS HEREBY ORDERED that the Petition is GRANTED.

"IT IS FURTHER ORDERED that the amount of distribution of assets of the estate to [PremierWest] is to be determined at a later date."

From this order, the personal representative appeals.

## AN INTERLOCUTORY ORDER ALLOWING A PROBATE CLAIM IS NOT APPEALABLE

The existence of an appealable order or judgment is a jurisdictional prerequisite for appellate review. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) In this case, the personal representative has appealed from an order determining PremierWest has a valid claim against the estate. The Probate Code authorizes an appeal from an order "[d]irecting or allowing payment of a debt, claim, or cost." (§ 1300, subd. (d); see also *Estate of Brissel* (1963) 218 Cal.App.2d 841, 843-844 [allowing an appeal from a judgment determining one of the beneficiaries of a will to be entitled to one-fifth of the estate even though entitlement of other beneficiaries was not yet determined].)

2

To be appealable, an order allowing a claim against an estate must be a *final* order. An interlocutory order is not appealable absent a specific statutory provision allowing for review despite the nonfinal nature of the order. (*In re Baycol Cases I and II* (2011) 51 Cal.4th 751, 754.) Subdivision (d) of section 1300 does not allow for appeal from an interlocutory order granting a claim by a creditor to an estate in probate. Consequently, the order in this case is appealable only if it is final and not interlocutory.

"In 'determining whether a particular decree is essentially interlocutory and nonappealable, or whether it is final and appealable . . . [i]t is not the form of the decree but the substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' (*Lyon v. Goss* (1942) 19 Cal.2d 659, 669–670; accord *Eldridge v. Burns* (1978) 76 Cal.App.3d 396, 404; see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 67–68, pp. 91–93.)" (*Belio v. Panorama Optics, Inc.* (1995) 33 Cal.App.4th 1096, 1101-1102.)

The probate court order in this case is interlocutory because it expressly reserves the issue of the amount to which PremierWest is entitled for future determination. Future judicial action is necessary to determine the extent of PremierWest's entitlement to the decedent's estate. The probate court might award PremierWest the full amount of the amended claim or nothing at all if PremierWest is unable to produce the requisite evidence of amount due. The personal representative does not deny the order being appealed is nonfinal in nature.

Allowing an appeal from the interlocutory order would have the effect of authorizing two appeals from the same order –- one from the determination of entitlement and another from the calculation of the amount. Such a result would violate the final

3

judgment rule and the policy against piecemeal litigation.  (*In re Baycol Cases I and II*, *supra*, 51 Cal.4th at p. 754; *P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1054.)  Consequently, the appeal from the interlocutory order determining PremierWest to be entitled to an undetermined amount for its claim against decedent's estate must be dismissed.

## DISPOSITION

The appeal from the order granting the petition for determination of entitlement to estate distribution is dismissed.  PremierWest Bank shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)


                                                                    HOCH    , J.


We concur:


        RAYE    , P. J.


        BLEASE    , J.