Filed 8/17/23  Shetty v. Doshi CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| NIKI-ALEXANDER SHETTY, | B321391 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV25324) |
| v. | |
| TEJAS DOSHI and PARAS DOSHI, | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Reversed.

Kousha Berokim for Plaintiff and Appellant.

Epps & Coulson, Dawn M. Coulson and Jeffrey A. Cohen for Defendants and Respondents.

## INTRODUCTION

Plaintiff brought an action claiming he had overpaid on a promissory note, which included an allegedly usurious interest rate. Following plaintiff's voluntary dismissal of two defendants, the trial court awarded those defendants their attorney fees as the prevailing parties pursuant to a fee-shifting provision contained in the promissory note. Plaintiff challenges the attorney fees award on appeal, contending Civil Code section 1717[1] precludes a finding that defendants were the prevailing parties. We agree and reverse the trial court's order.

## FACTUAL AND PROCEDURAL BACKGROUND

The operative first amended complaint alleges the following facts. In November 2018, plaintiff Niki-Alexander Shetty (Shetty) borrowed money from defendants Tejas and Paras Doshi (the Doshis) pursuant to a promissory note secured by a deed of trust on his real property located in Redlands, California. The promissory note provided Shetty would receive a principal sum of $125,000, on which he would pay interest at 12 percent per annum. However, the Doshis only lent him the principal sum of $108,000, rather than the $125,000 indicated on the note itself. When a notice of default was recorded against the property, Shetty tendered the full and correct amount due under the note to avoid default. This offer was rejected by the Doshis.

Based on these allegations, Shetty sued the Doshis and others, asserting four causes of action: usury, common counts, violation of Financial Code section 22750, and unfair competition under Business and Professions

---

[1]    All further statutory references are to the Civil Code unless otherwise stated.

2

Code section 17200. Shetty claimed the interest paid under the note was usurious and that he had never received the full balance of the principal as provided by the note. In essence, Shetty contended he had been forced to overpay on the note to avoid foreclosure. These allegations form the basis of each cause of action asserted by Shetty. Shetty's cause of action for usury is based on the 12 percent interest rate set forth in the note, his cause of action for common counts is premised on his alleged overpayment under the note, the cause of action for violation of Financial Code section 22750 asserts the Doshis operated as unlicensed lenders and charged impermissible interest and fees in connection with the note, and the cause of action for unfair competition is based on the interest rate and purported demand that Shetty pay more than was owed to satisfy the note. The complaint seeks, among other things, the return of all money paid under the note and a judicial determination that the provisions of the note concerning the repayment of principal and interest are void.

The Doshis filed a demurrer to the operative complaint. Before the demurrer hearing, Shetty filed a request for dismissal without prejudice as to the Doshis. The trial court then entered that dismissal.

The Doshis filed a motion to recover their attorney fees pursuant to a fee provision in the underlying promissory note. The provision states, "In any action to enforce this Note, the prevailing party shall receive attorney fees." The trial court entered an order finding the Doshis were entitled to recover their attorney fees as prevailing parties in the action but continued the hearing on the motion to allow for supplemental briefing as to the amount of the fee award. Following supplemental briefing, the court entered an order

3

granting the motion and awarding the Doshis $20,041.50 in attorney fees. Shetty filed a notice of appeal of this order.[2]

## DISCUSSION

A.    *Standard of Review*

"On appeal this court reviews a determination of the legal basis for an award of attorney fees de novo as a question of law." (*G. Voskanian Construction, Inc. v. Alhambra Unified School Dist.* (2012) 204 Cal.App.4th 981, 995.)  Whether a party is entitled to attorney fees under section 1717 is a question of law subject to de novo review.  (*347 Group, Inc. v. Hawkins* (2020) 58 Cal.App.5th 209, 213.)

B.    *Civil Code Section 1717*

California follows the "American rule," under which each party to a lawsuit must pay its own attorney fees unless a contract, statute, or other law authorizes a fee award.  (Code Civ. Proc., §§ 1021, 1033.5, subd. (a)(10); *Musaelian v. Adams* (2009) 45 Cal.4th 512, 516.)

---

[2]    The Doshis note Shetty did not appeal from the order finding the Doshis were entitled to an award of attorney fees as prevailing parties on Shetty's claims, and instead only appealed from the subsequent order setting the amount of this fee award.  This distinction is immaterial.  In such situations, we will liberally construe the notice of appeal to encompass review of both the determination that a party is contractually entitled to attorney fees, as well as the amount of fees awarded.  (*Whiteside v. Tenet Healthcare Corp.* (2002) 101 Cal.App.4th 693, 706–707; accord, *P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1053–1054.)  The question of whether the Doshis are contractually entitled to an award of attorney fees pursuant to the promissory note is thus properly before us.

4

"[A] prevailing party is entitled as a matter of right to recover costs in any action or proceeding" except as otherwise expressly provided by statute. (Code Civ. Proc., § 1032, subd. (b).) The term "prevailing party" is defined as "the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant." (*Id.,* at subd. (a)(4).) The costs recoverable include attorney fees when authorized by contract. (Code Civ. Proc., § 1033.5, subd. (a)(10).) The attorney fee award here was based on the attorney fee provision in the promissory note.

Shetty contends the Doshis' right to recover attorney fees is limited by section 1717 because all of his causes of action are based "on a contract" (i.e., the promissory note). Under section 1717, subdivision (a), "In any action on a contract, where the contract specifically provides that attorney[] fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney[] fees in addition to other costs." However, under section 1717, subdivision (b)(2), where an action is "on a contract" pursuant to section 1717 and has been voluntarily dismissed, there is no prevailing party. (§ 1717, subd. (b)(2) ["Where an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section"].)

"California courts construe the term 'on a contract' liberally." (*Turner v. Schultz* (2009) 175 Cal.App.4th 974, 979.) "Any action that is based on a contract is an action on that contract regardless of the relief sought." (*Brown*

5

*Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 821.) "In determining whether an action is 'on the contract' under section 1717, the proper focus is not on the nature of the remedy, but on the basis of the cause of action." (*Kachlon v. Markowitz* (2008) 168 Cal.App.4th 316, 347.)

C. *Attorney Fee Award*

Courts have recognized ""[i]t is difficult to draw definitively from case law any general rule regarding what actions and causes of action will be deemed to be 'on a contract' for purposes of [section] 1717."" (*Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 241.) "Nevertheless, we distill . . . the following principle: An action (or cause of action) is 'on a contract' for purposes of section 1717 if (1) the action (or cause of action) 'involves' an agreement, in the sense that the action (or cause of action) arises out of, is based upon, or relates to an agreement by seeking to define or interpret its terms or to determine or enforce a party's rights or duties under the agreement, and (2) the agreement contains an attorney fees clause." (*Id.* at pp. 241–242.)

The causes of action raised in Shetty's operative complaint satisfy this two-part test as actions "on a contract" under section 1717. Each of these causes of action are based on the same operative facts concerning the promissory note and Shetty's assertion that he overpaid the principal and interest due on the note to avoid foreclosure. Shetty's cause of action for usury is based on the promissory note and alleges the 12 percent interest rate exceeded the maximum permissible interest rate under article XV of the California Constitution. Shetty's common counts cause of action is based on Shetty's purported overpayment of the amount due on the note to avoid foreclosure. Shetty's third cause of action alleges the Doshis violated

6

Financial Code section 22750 by operating as unlicensed lenders and in charging impermissible interest and fees. Shetty's cause of action for unfair competition is based on the allegation that the Doshis knowingly and intentionally charged Shetty for monies they had not actually lent to him, and in applying a usurious interest rate on the note. The relief sought by Shetty included the return of all principal, interest, and other charges he paid, treble damages, attorney fees, and the adjudication that the provisions of the note concerning the return of the principal and payment of interest "are null and void and have no force or effect."

Therefore, Shetty's operative complaint as a whole—and each cause of action asserted therein—arises out of the promissory note and seeks to determine the parties' respective rights or duties under the note, specifically the amount owed by Shetty in principal and interest. This satisfies the first element as "involving" a contractual agreement.[3] "Candidly, it is difficult to think of an action that is more likely to be characterized as an 'action on a contract' than one in which the party bringing the action explicitly seeks to have the subject contract declared void and invalid in its entirety." (*Eden Township Healthcare Dist. v. Eden Medical Center* (2013) 220 Cal.App.4th 418, 427 [holding an action for declaratory and injunctive relief which sought to invalidate an agreement is an action "on a contract" under section 1717].) It is uncontested that the second element has been satisfied, as both parties acknowledge that the promissory note contains an attorney fee clause.

---

[3]     See *Forte v. Nolfi* (1972) 25 Cal.App.3d 656, 692 ["usury can only arise by reason of an agreement, executed or executory, to receive compensation for the loan or forbearance of money in excess of the rate provided by the Constitution and the usury law. Therefore, the wrong involved is dependent on a contract"].

7

*Shadoan v. World Savings & Loan Assn.* (1990) 219 Cal.App.3d 97 (*Shadoan*) is instructive. In *Shadoan,* the plaintiffs and defendant had entered into a loan agreement which included a prepayment penalty provision. The plaintiff borrowers paid the penalty to defendant. Subsequently, they brought suit against defendant on behalf of themselves and other similarly situated borrowers, alleging in a single cause of action that the prepayment penalty was an unfair business practice under Business and Professions Code section 17200. In their individual capacities, plaintiffs sought to recover the prepayment penalty they had paid to defendant. In their representative capacity, they sought to enjoin defendant from collecting prepayment penalties from other borrowers. (*Id*. at pp. 100–101.) The plaintiffs' loan agreement with defendant contained an attorney fee provision. The trial court sustained defendant's demurrer to the complaint and dismissed the action. Defendant then moved for an award of attorney fees pursuant to the attorney fee clause in the loan agreement. The trial court found under section 1717, defendant was only entitled to an award of attorney fees incurred in defending plaintiffs' private action for relief from their contract but was not entitled to recover the fees it incurred in defending the claim for injunctive relief brought in a representative capacity on behalf of similarly situated borrowers. (*Id*. at p. 107.)

The Court of Appeal affirmed, holding defendant was only "entitled to its fees to the extent that they were incurred in an action 'on the contract'" under section 1717. (*Shadoan, supra*, 219 Cal.App.3d at p. 107.) The court reasoned "that fees should be awarded to the extent that the action in fact is an action to enforce—or avoid enforcement of—the specific contract." (*Id*. at p. 108.) Thus, the plaintiffs "in their private capacity, suing on their own contract," were required to pay defendant's attorney fees in defending that

claim, whereas their claim for injunctive relief brought in a representative capacity did not seek to enforce or avoid enforcement of a specific contract and thus fell beyond the scope of section 1717. (*Id*. at p. 109.)

Here, Shetty's cause of action for unfair competition seeks to invalidate the provisions of the note requiring the repayment of $125,000 in principal and the payment of allegedly usurious interest. Under *Shadoan*, this claim is "on a contract" for purposes of applying section 1717.

Respondent's reliance on *Santisas v. Goodin* (1998) 17 Cal.4th 599 (*Santisas*) and *Winnett v. Roberts* (1986) 179 Cal.App.3d 909, 923 (*Winnett*) is misplaced. The complaint at issue in *Santisas* alleged causes of action for breach of contract, negligence, deceit, negligent misrepresentation, and suppression of fact arising from the sale of a home. (*Santisas, supra,* 17 Cal.4th at p. 603.) The court determined the cause of action for breach of contract "sounds in contract, not tort, and is therefore an 'action on a contract' within the meaning of section 1717." (*Id*. at p. 615.) As the plaintiffs in that action had voluntarily dismissed the action, the court held the defendants could not recover attorney fees incurred to defend the breach of contract cause of action but were entitled to such an award as to the remaining causes of action, which the court characterized as sounding in tort without further discussion. (*Id*. at p. 619.) As such, *Santisas* offers little guidance as to whether Shetty's claims arise "on a contract" in this action or not.

Similarly, *Winnett* contains no discussion of whether a particular action or claim is deemed to be "on a contract" for purposes of section 1717. The court in *Winnett* was faced with a contractual attorney fee provision which stated: "'If action be instituted on this note, I promise to pay such sum as the Court may fix as attorneys' fees.'" (*Winnett, supra,* 179 Cal.App.3d at p. 922.)

9

The court determined this fee provision was "broad enough to encompass a lawsuit attacking the note as usurious." (*Id*. at p. 923.) Unlike the instant action, there was no voluntary dismissal in *Winnett*, nor was there any question regarding whether the plaintiffs' claims constituted an action "on a contract" under section 1717.

Having found that Shetty's action is "on a contract" for purposes of section 1717, we find the trial court erred in finding the Doshis were entitled to an award of attorney fees as the prevailing parties on Shetty's claims. As Shetty's claims were "on a contract" and Shetty voluntarily dismissed those claims against respondents, there can be no prevailing parties on those claims for purposes of the attorney fee provision in the promissory note. (§ 1717, subd. (b)(2).)

D. *Scope of the Attorney Fee Provision*

The same result would follow even if the Court were to adopt the Doshis' reasoning and hold Shetty's claims sounded purely in tort and were not "on a contract" under section 1717. "Civil Code section 1717 does not apply to tort claims; it determines which party, if any, is entitled to attorneys' fees on a *contract claim only*. [Citations.] As to tort claims, the question of whether to award attorneys' fees turns on the language of the contractual attorneys' fee provision, i.e., whether the party seeking fees has 'prevailed' within the meaning of the provision and whether the type of claim is within the scope of the provision." (*Exxess Electronixx v. Heger Realty Corp*. (1998) 64 Cal.App.4th 698, 708.) "If a contractual attorney fee provision is phrased broadly enough, . . . it may support an award of attorney fees to the prevailing party in an action alleging both contract and tort claims: '[P]arties may validly agree that the prevailing party will be awarded attorney fees

10

incurred in any litigation between themselves, whether such litigation sounds in tort or in contract.'" (*Santisas*, *supra*, 17 Cal.4th at p. 608.) "The court must determine whether the contract provides for attorney fees in a tort action under the procedural posture of the particular case." (*Gil v. Mansano* (2004) 121 Cal.App.4th 739, 743 (*Gil*).)

The fee provision at issue here provides "In any action to enforce this Note, the prevailing party shall receive attorney fees." We find this language does not support an award of attorney fees on non-contractual tort claims.

*Gil* is squarely on point as it involved an attorney fee clause similar to the one found in the promissory note at issue here. The clause in *Gil* stated "'In the event action is brought to enforce the terms of this [Release], the prevailing party shall be paid his reasonable attorney[] fees and costs incurred therein.'" (*Gil*, *supra*, 121 Cal.App.4th at p. 742.) The court held such language could not support an award of attorney fees to a party prevailing on tort claims, holding "The language 'brings an action to enforce the contract' is quite narrow." (*Id*. at p. 744.) In finding the clause did not authorize an award of attorney's fees in connection with tort claims, the court reasoned "A tort claim does not enforce a contract. [Citation.] Where a contract authorizes an award of attorney fees in an action to enforce any provision of the contract, tort claims are not covered." (*Id*. at p. 743.) The court also noted the provision did not authorize an award of attorney fees where the contract was raised as a defense to tort claims. (*Id*. at pp. 743–744.) Other courts have similarly held that provisions authorizing the recovery of attorney fees incurred to "enforce" a contract do not encompass tort claims. (See e.g., *Exxess Electronixx v. Heger Realty Corp., supra,* 64 Cal.App.4th at p. 709 [holding tort claims for constructive fraud and breach of fiduciary duty were not covered by fee provision authorizing a fee award in

11

an action to "enforce the terms" of a contract and collecting cases analyzing similar fee provisions].)

The Doshis rely on *Winnett, supra,* 179 Cal.App.3d at page 923, which held "An attorney fee provision in a promissory note is broad enough to encompass a lawsuit attacking the note as usurious," citing *Thunderbird Investment Corp. v. Rothschild* (1971) 19 Cal.App.3d 820, 830 (*Thunderbird*) and *Berge v. International Harvester Co.* (1983) 142 Cal.App.3d 152, 164 (*Berge*).  The Doshis argue that because Shetty asserted a cause of action against them for usury, this claim must necessarily fall within the scope of the fee provision in the promissory note.  However, the fee provision at issue in *Winnett* was much more broadly worded than the clause in Shetty's promissory note here.  The clause in *Winnett* stated "'If action be instituted on this note, I promise to pay such sum as the Court may fix as attorneys' fees.'"  (*Winnett, supra*, 179 Cal.App.3d at p. 922.)  The same is true of the clause before the Court in *Thunderbird*, which stated "'If action be instituted on this note, I promise to pay such sum as the court may fix as attorney's fees.'"  (*Thunderbird,* 19 Cal.App.3d at p. 830.)

*Winnett* and *Thunderbird* do not establish a blanket rule that usury claims will always fall within the scope of an attorney fee provision regardless of how narrowly that provision is drawn.  Rather, they simply illustrate the point made in *Gil* that "Broad language in a contractual attorney fee provision may support a broader interpretation" which would permit an award of attorney fees incurred on tort claims.  (*Gil, supra*, 121 Cal.App.4th at p. 744.)

*Berge* is similarly inapposite as it did not involve a usury claim at all.  In *Berge* the plaintiff brought suit against a vehicle manufacturer for breach of express and implied warranties.  The manufacturer cross-complained for

damages it incurred in repossessing the subject vehicle after the plaintiff defaulted on her payments. The sales contract contained a unilateral attorney fee provision, made reciprocal pursuant to section 1717, subdivision (a), stating: "'Purchaser also agrees to pay all expenses, including reasonable attorney's fees to the extent permitted by law, incurred in the collection, by suit or otherwise, of any amount payable under this contract.'" (*Berge*, *supra,* 142 Cal.App.3d at p. 163, fn. 8.) The plaintiff successfully defended against the cross-complaint and moved for an award of attorney fees. The trial court denied the motion and the Court of Appeal reversed, finding the cross-claim was founded "on a contract" and thus plaintiff was entitled to an award of attorney fees as the prevailing party on the cross-complaint pursuant to section 1717. (*Id.* at pp. 163–164.) *Berge* offers no support for respondents' contention that the fee provision in the promissory note extends to tort claims.

As the attorney fee provision in the promissory note is limited to fees incurred in an "action to enforce this Note," it does not authorize an award of fees incurred in connection with the defense of non-contractual tort claims. To the extent Shetty's claims sound in tort and are not "on a contract" such as to trigger the application of section 1717, subdivision (b)(2), they fall outside the scope of the fee provision contained in the promissory note and cannot support an award of attorney fees to the Doshis.

## DISPOSITION

The order granting the motion for attorney fees is reversed.  Shetty is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


MORI, J.