Filed 3/20/26  Tres Caminos v. MGP XI US Properties CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| TRES CAMINOS, LP, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> MGP XI US PROPERTIES LLC, <br><br> Defendant and Respondent. | D085539 <br><br><br> (Super. Ct. No. 37- 2019-00056341-CU-OR-CTL) |

APPEAL from an order of the Superior Court of San Diego County, Michael T. Smyth, Judge.  Vacated and remanded with instructions.

Vivoli Saccuzzo and Michael W. Vivoli for Plaintiff and Appellant.

Glaser Weil Fink Howard Jordan & Shapiro, Peter C. Sheridan and Steven Basileo, for Defendant and Respondent.

Tres Caminos, LP sued MGP XI US Properties LLC, asserting at different stages of the litigation both contract-based and noncontract claims, some of which were dismissed at the demurrer stage and the rest following MGP's motion for summary judgment.  MGP filed an attorney fees motion, and the trial court awarded MGP apportioned fees.  Although MGP argues otherwise, we have jurisdiction over this appeal.

Tres Caminos contends the court, a different judge than the one who heard the substantive motions in the case, abused its discretion in awarding MGP apportioned fees. We conclude the court did not abuse its discretion through its order determining the applicable apportionment formula. The court had sufficient evidence before it to assess the reasonableness of the fees MGP requested, and the manner in which the court—not MGP, as Tres Caminos claims—apportioned fees was thoughtful and logical. We are unpersuaded that MGP's failure to initially propose an apportionment of fees when it was seeking a full recovery of attorney fees precluded the court from doing so. Nonetheless, MGP's failure to serve its supplemental declaration in support of its fees motion on Tres Caminos deprived Tres Caminos of full due process on the issue of apportioning the requested fees. We therefore vacate the order granting MGP's motion for attorney fees and remand for further proceedings consistent with this opinion.

I.

A.

We draw the following contextual facts from our nonpublished opinion in the merits appeal. (See *Tres Caminos, LP v. MGP XI US Properties LLC* (Feb. 19, 2025, D083176 [nonpub. opn.].)

Tres Caminos owned commercial real property in a shopping center managed by MGP. The property, like others within the center, was subject to a "Declaration of Restrictions and Grant of Easements" as well as related supplements.

In 2018, Tres Caminos entered into a contract to sell the property to an entity that planned to develop the lot into a fast-food restaurant. But MGP refused to approve the buyer's plans due to conflicts with provisions in other

tenants' leases.  The buyer ultimately backed out, and Tres Caminos sold the lot at a lower price to another entity.

In October 2019, Tres Caminos filed a lawsuit against MGP, seeking a declaration that the other tenants' lease provisions did not affect Tres Caminos' lot.  The court denied Tres Caminos' motion for summary adjudication but granted Tres Caminos leave to amend.  In June 2021, Tres Caminos filed an amended complaint, and MGP demurred.

In December 2021, Tres Caminos again amended its complaint, alleging not only a cause of action for declaratory relief but also causes of action for intentional interference with contract, intentional interference with economic advantage, breach of fiduciary duty, and breach of contract.  MGP again demurred, and the trial court sustained the demurrer as to the declaratory relief and breach of contract causes of action but overruled it as to the remaining causes of action.  MGP then moved for summary judgment, which the court granted.  In an earlier appeal, we affirmed the judgment.

B.

The supplements to the Declaration include attorney fees provisions. One provides: "In the event any legal or equitable proceeding is commenced to restrain any violation of the Declaration or this Supplemental Declaration or to enforce any restriction or provision hereof, the losing party shall pay the attorneys' fees of the prevailing party in such amount as may be fixed by the court in such proceedings."  Another states: "In the event of the bringing of any action or suit by a party hereto against another party hereunder by reason of any breach of any of the covenants, agreements or provisions on the part of the other party arising out of this Second Supplemental Declaration or the Prior CC&Rs, then in that event the prevailing party shall be entitled

3

to have and recover of and from the other party all costs and expenses of the action or suit, including actual attorneys' fees."

After prevailing on summary judgment on Tres Caminos' remaining claims, MGP filed a noticed motion for attorney fees. In support of the motion, MGP filed two declarations.

The first was a declaration by a partner at the firm representing MGP who was "overall responsible for the defense of MGP in this case." The attorney attested he reviewed the bills in the matter on a monthly basis and that the billing conformed with the firm's general billing practices, although the rates were discounted roughly 20% from its typical billing rates. The attorney noted he had billed 42 hours on the matter, which he broke down by percentage into various categories like "[d]iscovery-related tasks," working on the demurrer, working on the summary judgment motions, and "[o]ther miscellaneous tasks."

The second and more detailed declaration was by an of counsel at the firm and based on his "own personal knowledge." In it, the attorney detailed the substantive work that had been performed on the matter. He also summarized the qualifications and experience of the attorneys who worked on the matter, their full and discounted billing rates, the billing rates of the paralegals who worked on the matter, and the billing rates of comparable law firms. The declaration indicated fees were sought only at the discounted rate.

The second declaration also provided a "categorical summary of attorney hours and fees." (Capitalization omitted.) The attorney noted both he and a colleague had reviewed all time entries submitted in connection with the matter, which totaled approximately 755 hours. In general terms, the declaration noted the hours expended and total sums billed for several

4

broad categories—discovery, dispositive motions, and other—broken down further into subcategories, like depositions and demurrers. The declaration explained what each of the subcategories entailed and provided the hours and amount billed for each timekeeper.

Tres Caminos opposed the motion. It argued any fees needed to be apportioned to only the contract claims and MGP's failure to apportion was "fatal." Tres Caminos further contested the reasonableness of the hourly rates and the hours claimed as well as the sufficiency of MGP's supporting evidence.

The court—a different judge from the one who presided over the substantive motions—issued a tentative order granting attorney fees "in a reduced amount to be determined" following argument on apportionment.

During the hearing, Tres Caminos argued the declaratory relief and breach of contract claims were subject to fees but the other claims, including breach of fiduciary duty, were not. Tres Caminos also objected to the court giving MGP "another bite at the apple to try to perform [its] apportionment." The court took the matter under submission.

In May 2024, the court issued a minute order granting fees under Civil Code section 1717 "in a reduced amount to be calculated and submitted to the court by" MGP. The court awarded fees as to the contract causes of action: declaratory relief, breach of contract, and breach of fiduciary duty. The court ordered apportionment as follows: 100 percent of MGP's attorney fees from the beginning of the case through the July 16, 2021 hearing on Tres Caminos' motion for summary adjudication because "the litigation until that time was largely based on the declaratory relief cause of action." Around that time, the first amended complaint was filed and "changed the scope of the litigation by adding several additional causes of action," so from July 16, 2021 through the

April 8, 2022 hearing on MGP's demurrer to the first and fifth causes of action, the court awarded MGP "three-fifths (3/5ths) of [its] fees." From April 8, 2022 through the August 22, 2023 entry of judgment, the court awarded MGP "a third (1/3rd) of its fees." The court ordered MGP's counsel, "as an officer of the court," "to recalculate its fees based on the above ruling and submit a formal order for the court's review."

In June, MGP's counsel submitted a supplemental declaration providing the total recoverable fees for each of the phases of the litigation, after applying the court-ordered apportionment, totaling $314,824.28. On July 11, the court issued an order granting MGP fees in that amount.

On January 7, 2025, Tres Caminos filed a notice of appeal, indicating it was appealing the July 11, 2024 order after judgment.

C.

Meanwhile, on January 2, 2025, the parties submitted a stipulation and proposed order to set aside the July 11, 2024 order on the ground MGP inadvertently failed to serve Tres Caminos with a copy of its supplemental declaration and Tres Caminos only found out about the court's order upon checking the register of actions. The parties followed up several weeks later with a joint ex parte application to set aside the order.

At an unreported January 30 hearing, the court indicated it would not rule on the ex parte application and instead ordered the parties to meet and confer as to whether Tres Caminos (1) took issue with MGP's recalculation of its fees and (2) intended to file a noticed motion to vacate the order. In a May declaration, MGP informed the court that Tres Caminos' counsel indicated he did not wish to meet and confer and would not be filing a motion to vacate.

6

II.

A.

MGP contends we lack jurisdiction over this appeal.  According to MGP, because Tres Caminos challenges the apportionment of the fee award, it was required to appeal from the May 28 order setting out the court's apportionment formula.  Tres Caminos' notice of appeal, however, references only the July 11 order.  MGP claims that, even if the notice of appeal somehow encompassed the May 28 order, the appeal is untimely given it was not filed until January 7, 2025.  Tres Caminos responds that the May 28 order was not a final and appealable order because it required additional action and did not itself award the fees yet to be calculated.  We agree with Tres Caminos.

*P R Burke Corp. v. Victor Valley Wastewater Reclamation Authority* (2002) 98 Cal.App.4th 1047, 1055, held "that an order determining the entitlement to attorney's fees, but not the amount of the fee award, is interlocutory."  MGP cites no compelling contrary authority; accordingly, we elect to follow *P R Burke.*

Here, the May 28 order was interlocutory.  It determined MGP's entitlement to fees but not a sum certain.  To award a sum certain, the court requested MGP to provide further calculation and information.  It was not until the July 11 order, after the court had received the further information it needed, that the court awarded a fixed amount of attorney fees to MGP.  Accordingly, Tres Caminos properly—and timely—appealed the July 11 order.  We thus conclude we have jurisdiction over this appeal.

B.

Tres Caminos does not dispute MGP is the prevailing party for purposes of awarding attorney fees per Civil Code section 1717, under which

7

the prevailing party "shall" recover "reasonable attorney[] fees" "[i]n any action on a contract, where the contract specifically provides" for such an award.

Instead, Tres Caminos phrases the issue on appeal as follows: "Did the trial court abuse its discretion by granting MGP an award of attorney fees despite the absence of any true apportionment of MGP's fees within its moving or reply papers; an apportionment that the trial court permitted M[GP] to submit only after the fact, and with no opportunity for Tres Caminos to be heard on the subject?" Tres Caminos further takes issue with (1) the fact MGP provided "***no evidence*** of its actual billing entries," (2) the court's alleged allowance of "MGP to usurp the trial court's own responsibility for apportioning fees" without "'show[ing] its work,'" and (3) the fact the judge who heard MGP's fees motion "was completely unfamiliar with the issues litigated over the course of the case, as they were litigated."

We conclude the trial court did not abuse its discretion up through its determination of a formula to apply in apportioning MGP's requested attorney fees. Yet MGP's failure to serve its supplemental declaration in support of its fee request on Tres Caminos denied Tres Caminos due process. A remand to provide Tres Caminos an opportunity to be heard on that point is therefore required.

First, we disagree with Tres Caminos' overarching premise that MGP's "failure to apportion its fees in its moving papers [was] fatally defective to its motion." As Tres Caminos acknowledges in its briefing, "once a trial court determines there exists an entitlement to an award of attorney fees, any ordered apportionment of that award rests within the trial court's sound discretion." (Citing *Applied Medical Distribution Corp. v. Jarrells* (2024) 100 Cal.App.5th 556, 579.) Tres Caminos points to no authority holding a

8

court must deny outright a request for fees if the party seeking the fees fails to set forth a proposed apportionment in its moving papers. Meanwhile, caselaw contains examples of courts awarding apportioned fees to parties who, like MGP, sought a full recovery only. (See, e.g., *El Escorial Owners' Assn. v. DLC Plastering, Inc.* (2007) 154 Cal.App.4th 1337, 1365-1367 [affirming apportionment of fees between tort and contract claims].) We thus conclude MGP's decision not to provide an alternative apportionment argument is not "fatal[]" to its fees motion as a matter of law. Our conclusion is bolstered by *Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, on which Tres Caminos relies. While *Bell* states the court could, on remand to apportion fees, "simply cast . . . aside" some requested fees, it alternatively notes the court could "exercise its discretion in assigning a reasonable percentage to the entries." (*Id.* at p. 689.)

Second, we are unpersuaded by Tres Caminos' contention that the evidence presented by MGP was insufficient to support an award of fees. "'Because time records are not required under California law . . . , there is no required level of detail that counsel must achieve.'" (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 699.) Accordingly, declarations from counsel made under penalty of perjury describing the work done, the applicable hourly rates, and a requested fee amount can adequately support a fees award. (*Weber v. Langholz* (1995) 39 Cal.App.4th 1578, 1586-1587.) There is no requirement that any counsel, including MGP's, "'show its work'" in the manner Tres Caminos urges.

The declarations at issue were legally acceptable to convey the necessary information. The more detailed declaration set out the full and discounted hourly rates by year (from 2019 through 2023) per timekeeper, with the discounted rate for partners and of counsel ranging between $475

9

and $775 per hour, the discounted rate for associates ranging between $430 and $500 per hour, and the discounted rate for paralegals and other staff ranging between $390 and $470 per hour. In total, attorneys billed 755 hours in the matter. Not only did declaring MGP counsel break down the work performed into broad categories, but they also broke down the work into more discrete subcategories. By category, the declarations provided the hours worked by, and the total amount billed by, each timekeeper. For instance, the total hours spent on the broad category of discovery matters was 297.2. One partner billed 3 hours on discovery-related matters for a total amount billed of $1,585. From that information, one can calculate the average hourly rate at which the partner was billing to be $528.33. Most discovery hours were billed by an associate at an average hourly rate of $454.24. The discovery category was then broken down into the subcategories of written discovery (as to which 75.3 hours were billed totaling $43,658), depositions (as to which 98.7 hours were billed totaling $56,800), and document discovery and review (as to which 123.2 hours were billed totaling $65,239.50). Counsel explained what each of these subcategories entailed; for example, document discovery and review involved (1) reviewing tens of thousands of pages of documents and ultimately producing 30,000 of them and (2) also reviewing the document productions of Tres Caminos and third parties.

Combined with the preceding declarations, the subsequent declaration was likewise adequate in repackaging the information from the original declarations to provide the total fees recoverable on the contract causes of action during specified time periods, which was more information than the court requested. One can divide the total recoverable sum for each time period by the hourly rates from the preceding declarations and approximate the number of hours billed for contract-related causes of action for each time

10

period.  For example, from July 17 through December 21, 2021, the total recoverable sum was $16,154.25.  Per the prior declarations, the average billable rate for the timekeepers in 2021 was $605 per hour.  Accordingly, timekeepers billed in the ballpark of 26.7 hours on contract-related causes of action over that five-month period, or roughly 5 hours per month.

Ultimately, "[w]hether to accept counsel's judgments and calculations was a matter within the court's discretion.  'We may not reweigh on appeal a trial court's assessment of an attorney's declaration.'" (*Applied Medical*, 100 Cal.App.5th at p. 581.)

Third, we reject Tres Caminos' contention the court was incapable of assessing the reasonableness of MGP's fees request because the judge who presided over the motion for attorney fees was not the same judge who decided the substantive motions in this matter.  Although we have recognized that "we may exercise "'somewhat more latitude in determining whether there has been an abuse of discretion than would be true in the usual case"'" if "the fee order under review was rendered by a judge other than the trial judge" (*Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 616), the relevant standard of review remains abuse of discretion (*id.* at pp. 615-616).  A court abuses its discretion if its "decision exceeds the bounds of reason and results in a miscarriage of justice." (*Mejia v. City of Los Angeles* (2007) 156 Cal.App.4th 151, 158.)  We presume the court applied the law correctly and acted within its discretion absent the appellant's affirmative showing of error. (*Ibid.*)  We review the correctness of the order "'as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.'" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.)

11

The judge who oversaw the fee motion in this case had access to the record of the substantive proceedings, enabling the judge to assess the complexity of the case as well as the amount and quality of the work done in the matter. The judge also had MGP's counsel's declarations explaining the work completed, the firm's reduced hourly rates at which it was seeking its award, and the hours expended on the matter. The judge could evaluate the credibility of the declarations as well as the credibility of MGP's counsel during argument on the motion. This information was sufficient for the court to assess the reasonableness of MGP's fee request. (See, e.g., *East West Bank v. Rio School Dist.* (2015) 235 Cal.App.4th 742, 750 [noting "trial court may award fees solely on the basis of the experience and knowledge of the trial judge" and fact that some proceedings over course of 10 years of litigation occurred before assignment to trial court "does not prevent the court from estimating fees based on the record"].) Thus, contrary to Tres Caminos' claim, the court was not required to resort to speculation to assess the reasonableness of MGP's request. Rather, the court was equipped to handle the task.

Fourth, we are unpersuaded by Tres Caminos' claim that the court failed to exercise its discretion and instead abdicated its responsibility to fix a reasonable award of fees to MGP. Statements during oral argument and in the court's minute order show the court engaged in the requisite analysis of the reasonableness of the fees request. First and foremost, the court concluded MGP was not entitled to a full fees award because not all the claims arose out of the Declaration and Supplemental Declarations upon which Tres Caminos initially sued MGP. Had the court abdicated its discretion, it would not have found apportionment necessary here.

12

The court further rejected MGP's counsel's suggestion during the hearing that the court could lump the two tort claims together as one claim and then award a three-fourths recovery of the requested sum. Moreover, the court found MGP's counsel's rates "high, but not unreasonable for this litigation or out-of-step with other firms in the community." Tres Caminos' counsel argued that the 98 hours spent to prepare for three depositions spanning seven hours were excessive. At the conclusion of the hearing, the court noted counsel had "raised genuine issues" and indicated it would "take this under submission . . . and look at these issues." These statements indicate the court scrutinized MGP's request and did not simply "rubber-stamp[]" it, as Tres Caminos claims. Rather, the court expressly determined the requested fees were to some extent unrecoverable but implicitly found they were otherwise reasonable. Doing so was not an abuse of discretion on this record.

Nor did the court abdicate its role. Rather, it provided an apportionment formula and sought submission of a draft order from MGP's counsel, "as an officer of the court," applying the formula to the hours billed. Given the court's scrutiny of the fees request, there is no basis in the record from which to presume the court would have accepted MGP's draft order without any scrutiny had the court viewed the total sum requested as unreasonable. In short, the court did not, as Tres Caminos claims, "abuse[] its discretion by affording MGP unilateral, unchecked control over its own apportionment." The court acted, as is proper, as the ultimate decider.

Fifth, to the extent Tres Caminos appears to contend the court abused its discretion by applying percentage reductions to MGP's requested fees, we conclude the cases on which Tres Caminos relies are distinguishable. For instance, both *Applied Medical* and *Holguin* challenged the trial court's

13

alleged failure to consider the extent to which the claims subject to fees and those that were not were intertwined such that a partial recovery of fees may be appropriate on the excluded claims. (*Applied Medical*, 100 Cal.App.5th at p. 577; *Holguin v. Dish Network LLC* (2014) 229 Cal.App.4th 1310, 1331-1332.) They accordingly considered assertions that, by applying blanket percentage reductions to requested fees, the court undercalculated fees rather than overcalculated them, as Tres Caminos claims. "It is axiomatic that language in a judicial opinion is to be understood in accordance with the facts and issues before the court. An opinion is not authority for propositions not considered." (*People v. Knoller* (2007) 41 Cal.4th 139, 154-155 [cleaned up].) These cases thus are of limited relevance here.

And in *Mountjoy v. Bank of America, N.A.* (2016) 245 Cal.App.4th 266, 280-282, which Tres Caminos also invokes, the appellate court determined the trial court erred in reducing the attorney fees award by 70 percent because that percentage of the billing entries suffered from a defect, like vague block billing or double billing. The appellate court noted that "a 70 percent reduction in hours claimed based on the conclusion that more than 70 percent of the time entries are flawed, without any correlation shown to the number of hours claimed on the flawed entries, is arbitrary." (*Id.* at p. 281.) Here, in contrast, there was nothing arbitrary about the court awarding fees on contract claims and refusing fees on noncontract claims. Allowing MGP to recover a percentage of fees based on the percentage of contract claims asserted in the lawsuit during different periods of the litigation was a nonarbitrary way to apportion the requested fees.

Finally, Tres Caminos claims "the trial court deprived [it of] any opportunity to be heard on the court's fee award, in violation of its right to due process." Although Tres Caminos had notice and a reasonable

14

opportunity to be heard as to the majority of the fees motion, we agree it was deprived of due process when it came to the supplemental declaration and the subsequent order awarding fees. Accordingly, a remand for further proceedings is appropriate.

"For due process purposes, the relevant inquiry is whether the respondent was afforded notice and an opportunity to defend [citation], and whether any procedural irregularities were prejudicial." (*Faton v. Ahmedo* (2015) 236 Cal.App.4th 1160, 1172.) Tres Caminos had notice of the fees motion, as evidenced by its fulsome brief opposing it. Tres Caminos additionally took advantage of its opportunity to orally argue the motion. Nonetheless, the parties stipulated below it was error for Tres Caminos not to have been served with the supplemental declaration and afforded an opportunity to be heard on any concerns it had with the supplemental declaration before the order granting the fees motion issued. Under these circumstances, we conclude remand is necessary to give Tres Caminos that opportunity.

In sum, on this record, we discern no abuse of discretion in the court's actions up through its order setting forth a formula to be used to apportion MGP's requested fees. But Tres Caminos was denied due process when MGP filed its supplemental declaration with the court and failed to serve a copy on Tres Caminos. We accordingly vacate the order awarding apportioned attorney fees to MGP (ROA # 250) and remand the matter to the trial court for further proceedings consistent with this opinion.

To the extent Tres Caminos' reply brief contests the appropriateness of the trial court classifying the breach of fiduciary duty cause of action as "'on the contract,'" it forfeited the matter by failing to raise and appropriately

15

develop the issue in its opening brief.  (*Cold Creek Compost, Inc. v. State Farm Fire & Casualty Co.* (2007) 156 Cal.App.4th 1469, 1486.)

### III.

We vacate the trial court's order granting MGP's motion for attorney fees (ROA # 250) and remand this matter to the trial court.  On remand, MGP may file an amended or further supplemental declaration to provide additional support for the apportioned attorney fees it requests.  The court shall (1) permit Tres Caminos to file an opposition brief and MGP to file a reply brief regarding any supplemental declarations on the issue of apportionment and (2) hold a hearing before awarding MGP a sum certain in fees.  The parties shall bear their own costs on appeal.


CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


RUBIN, J.


16